WILSON *v.* ROMEOS

1. PROPERTY—CONTRACT TO SELL—SPECIFIC PERFORMANCE—JUDGMENT—VACATION OF JUDGMENT.

Order issued by circuit judge to make a certain real property conveyance, after reassignment of a case to him, effectuating the order of a fellow circuit judge that the real property transaction be closed before January 30, 1967, was not in violation of the court rule providing that an order of a circuit court may be set aside or vacated only by the judge who issued the order unless he is unable to act where the transaction was not in fact made before that date (GCR 1963, 529.2).

2. PROPERTY—CONTRACT TO SELL—SPECIFIC PERFORMANCE—ORDER OF COURT—VACATION OF ORDER—COURT RULE.

Judgment entered by a circuit judge on May 9, 1968, directing specific performance of a contract to sell real property and providing that plaintiff could pay the court and have the judgment recorded so as to operate as conveyance of the property did not have the effect of setting aside an order entered in the same case by a different judge on December 23, 1966, directing specific performance of the contract and that the transaction be closed by January 30, 1967, and

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 30A Am Jur, Judgments § 631.

49 Am Jur, Specific Performance § 179.

retaining jurisdiction over the matter, where the transaction was not in fact closed by January 30, 1967 (GCR 1963, 529.2).

3. PROPERTY—CONTRACT TO SELL—SPECIFIC PERFORMANCE—VACATION OR ORDER—COURT RULE.

Action of circuit judge in conducting proceedings and taking testimony on April 30, 1968, and issuing an order on May 9, 1968, directing specific performance of a contract to sell real property and providing that plaintiffs could pay the purchase price to the court and record a certified copy of the judgment which would operate as a conveyance of the land, after a different judge in the same circuit had on December 23, 1966, issued an order directing specific performance of the contract in question, directing that the transaction be closed by January 30, 1967, and retaining jurisdiction over the matter, was not reversible error where the order of December 23, 1966, was not complied with, since the substantial rights of the parties were not affected by the later order (GCR 1963, 529.1).

Appeal from Oakland, James S. Thorburn and Clark J. Adams, JJ. Submitted Division 2 June 4, 1969, at Lansing. (Docket No. 5,663.) Decided June 26, 1969. Leave to appeal granted March 19, 1970, and remanded to the Court of Appeals with directions. See 383 Mich 773.

Complaint by Ocie Wilson and Willie M. Wilson, his wife, against Sotirios Romeos and Muriel Romeos, his wife, for specific performance of a contract to sell real property. Judgment for plaintiffs, directing that the transaction be closed on or before January 30, 1967, was issued by Thorburn, J., the court retaining jurisdiction. The transaction was not closed by January 30, 1967, and Adams, J., subsequently issued an order requiring defendant to execute a deed to plaintiffs, and providing that upon failure of defendant to comply, plaintiffs, upon payment to the court of the purchase price, could record a certified copy of the judgment, which would operate

as a conveyance of the land. Defendants appeal. Affirmed.

*Hampton & Hampton,* for plaintiffs.

*Cartsos, Christi & Natsis,* for defendants.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

LESINSKI, C. J. Plaintiffs-purchasers instituted this action to compel defendants-sellers to specifically perform a purchase agreement with respect to certain land located in Oakland county, Michigan. Originally the case was assigned to circuit judge James S. Thorburn. Immediately prior to trial, on December 23, 1966, the parties agreed to a stipulated settlement which was read into the record. In accordance with this stipulation, Judge Thorburn issued an order requiring defendants to convey the parcel and indicating that closing was to occur on or before January 30, 1967. While the order specified no means of enforcement, the court noted that it would retain jurisdiction until all provisions of the order were fulfilled.

On January 3, 1967, the case was reassigned to circuit judge Clark J. Adams pursuant to Rule 5 of the Oakland Circuit Court Rules providing for the balancing of court dockets at the beginning of each calendar year. After the reassignment, defendants moved for entry of a judgment dismissing the cause because the real estate closing did not occur on or before January 30, 1967, as required by Judge Thorburn's order. Plaintiffs answered that defendants failed to comply and also petitioned for time to qualify for a mortgage and for reconsideration of Judge Thorburn's order. During a hearing held

February 27, 1967, Judge Adams stated that Judge Thorburn's order would be set aside and the matter scheduled for immediate trial. However, on June 26, 1967, Judge Adams reconsidered and refused to sign an order to set aside the order of Judge Thorburn. Defendants concede that the order was never set aside. Instead, following the trial, Judge Adams concluded, consistent with Judge Thorburn's order, that pursuant to the purchase agreement between the parties, defendants were required to execute a deed to plaintiffs. However, unlike Judge Thorburn's order, Judge Adams' judgment provided that should defendants fail to execute the deed, plaintiffs upon payment to the court could record a certified copy of the judgment which copy would operate as a conveyance of the land.

Defendants appeal Judge Adams' decision contending the judgment should be reversed and the matter remanded to Judge Thorburn for final disposition. In connection with this contention, defendants allege that Judge Adams acted without authority in retrying the cause and in improperly disregarding Judge Thorburn's order.

We disagree and affirm the judgment and order of Judge Adams.

In the instant case Judge Thorburn's order required that defendants convey the described parcel on or before January 30, 1967. Upon failure of the parties to comply with this order, further disposition of the cause was essential. Since the case had been reassigned under Oakland Circuit Court Rule 5, it was incumbent upon Judge Adams, under Rule 5, to effectuate final disposition. Defendants contend that disposition by Judge Adams would be improper as contrary to GCR 1963, 529.2 which provides:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order

shall be stayed by any circuit judge except the one who made the judgment or order unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any of the other judges of the circuit or any judge assigned to the circuit."

Upon review of the particular facts involved in the instant case, however, we conclude that no violation of rule 529.2 occurred. Examination of Judge Thorburn's order convinces this Court that the order failed to specify any consequences should either party fail to comply with the order. Instead, that order provided that the court retained jurisdiction until all provisions of the order were fulfilled. Therefore, when the case was transferred to Judge Adams, he had jurisdiction to issue an additional order or a judgment consistent with the provisions of the order of Judge Thorburn that would compel fulfillment of that order. Upon examination we find that the practical effect of Judge Adams' judgment was merely to enforce Judge Thorburn's order to convey. The judgment was to effectuate a conveyance of the land in the event that the defendants failed to perform. Therefore, the judgment of Judge Adams did not have the effect of setting aside the order of Judge Thorburn contrary to GCR 1963, 529.2, and it was valid.

Arguably Judge Adams in disposing of the cause may not have had authority to set aside or disregard Judge Thorburn's order. Similarly, Judge Adams arguably may not have had the authority to retry the entire matter. However, it was essential for proper enforcement of Judge Thorburn's order that Judge Adams receive testimony both to establish the reason for failure of the parties to voluntarily

perform according to Judge Thorburn's order and to assist Judge Adams in ascertaining the proper remedy. In any event, any error of Judge Adams in disregarding Judge Thorburn's order or in retrying the entire matter did not affect the substantial rights of the defendants as the resulting judgment was completely consistent with the prior order of Judge Thorburn. Under GCR 1963, 529.1:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding shall construe these rules to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties."

As the defendants were not denied substantial justice by the "retrial" nor by the judgment enforcing Judge Thorburn's order, the judgment must be affirmed.

Affirmed. Costs to plaintiffs.

All concurred.