WILSON *v.* ROMEOS

APPEAL AND ERROR—FINDINGS OF FACT.
> The findings of fact of a trial judge sitting without a jury will not be overturned unless they are clearly erroneous (GCR 1963, 517.1).

Appeal from Oakland, James S. Thorburn and Clark J. Adams, JJ. Submitted Division 2 March 24, 1970, at Lansing. (Docket No. 5663.) Decided December 10, 1970. Leave to appeal granted February 12, 1971. 384 Mich 806.

Complaint by Ocie and Willie Wilson against Sotirios and Muriel Romeos for specific performance of a contract to sell real property. Judgment for plaintiffs, directing that the transaction be closed on or before January 30, 1967, was issued by Thorburn, J., the court retaining jurisdiction. The transaction was not closed by January 30, 1967, and Clark J. Adams, J., subsequently issued an order requiring defendant to execute a deed to plaintiffs, and providing that upon failure of defendant to comply, plaintiffs, upon payment to the court of the purchase price, could record a certified copy of the

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 76.

judgment, which would operate as a conveyance of the land. Defendants appeal. Affirmed. Defendants appealed to Supreme Court. Remanded to Court of Appeals with directions. See 383 Mich 773. Affirmed.

*Hampton & Hampton,* for plaintiffs.

*Cartsos, Christi & Natsis,* for defendants.

Before: Lesinski, C. J., and Quinn and Danhof, JJ.

Lesinski, C. J. This Court's original opinion in this case is reported at 18 Mich App 232. For the purposes of this opinion, an abbreviated statement of facts will suffice.

Plaintiffs Ocie and Willie Wilson sought specific performance of a contract for the sale of real estate owned by defendants Sotirios and Muriel Romeos. After an unfortunate history of litigation, this Court affirmed the trial court's decree granting specific performance. This case is on remand from the Supreme Court pursuant to its order of March 19, 1970, 383 Mich 773, that we pass upon the issue of whether plaintiffs have proved their right to specific performance by the introduction of sufficient evidence of tender or ability to perform. We affirm our prior decision in this case.

The lower court record is replete with testimony of plaintiffs' ability to perform their part of the agreement. Defendants chose not to defend on this issue, offer proofs, or cross-examine plaintiffs' witnesses. The trial court's finding of fact that plaintiffs were, *at all times,* ready, willing, and able to perform is supported by sufficient and competent

evidence. This Court will not disturb such findings of fact, unless clearly erroneous. GCR 1963, 517.1; *Burke* v. *Gaukler Storage Co.* (1968), 13 Mich App 536.

All concurred.