NYMAN *v.* B. S. CHAPIN, INC.

1. Contracts—Oral Contract—Jury Question—Work and Labor.
   Where the testimony as to the terms of an oral contract of hiring for a year was in direct conflict, the correct terms of the contract became a jury question.

2. Appeal and Error—Weight of Evidence—New Trial.
   Although the testimony is conflicting, a verdict which is supported by testimony may not be said to be against the weight of the evidence, and therefore may not be disturbed on review.

On effect of part performance of contract for services, see annotation in 24 L. R. A. 231 *et seq.*

3. ACTION—BREACH OF CONTRACT—TRIAL—ELECTION OF COUNTS—
WORK AND LABOR.

An employee who is prevented from completing a contract he has
begun has two remedies open, action on the contract and also
on the common counts, and where declaration contains both
counts and no election is made, verdict may be rendered on
either count.

4. DAMAGES—QUANTUM MERUIT—MEASURE OF DAMAGES—WORK AND
LABOR.

Where an action by an employee for damages for the breach of a
contract of hiring is based on the *quantum meruit*, the measure
of damages is what the services are reasonably worth, notwith-
standing that said amount may be in excess of that fixed by the
contract.

5. SAME—EXCESSIVE VERDICT—REMITTITUR.

Where, in an action for damages for the breach of a contract of
hiring, the jury obviously followed the amount contained in the
contract but failed to deduct certain amount paid plaintiff, the
judgment is affirmed, on review, on condition that remittitur
for said amount be filed.

Error to Kent; Perkins (Willis B.), J. Submitted
June 4, 1931. (Docket No. 85, Calendar No. 35,424.)
Decided October 5, 1931.

Assumpsit by Joseph Nyman against B. S. Chapin,
Inc., and another on a contract of employment and
the common counts. Judgment for plaintiff. De-
fendants bring error. Affirmed conditionally.

*Gillard & Bidwell* (*George S. Baldwin,* of coun-
sel), for plaintiff.

*Linsey, Shivel & Phelps,* for defendants.

BUTZEL, C. J. Plaintiff Joseph Nyman was en-
gaged for one year by defendant B. S. Chapin, Inc.,
as manager of the basement department of a retail
store in Grand Rapids, Michigan. The contract of

employment was not reduced to writing. Both parties agree that plaintiff's salary was to be $75 per week, but they are in total disagreement as to the bonus plaintiff was to receive at the end of the year of employment. Plaintiff claims that it was to amount to 10 per cent. of the increase in the gross receipts of the basement department over those of the previous year. Defendant denies this, and claims that if at the end of the year the basement department showed a profit, plaintiff's bonus was to be the sum of $900. The testimony is in direct conflict. The credibility of every witness is attacked. Plaintiff was discharged five weeks before the end of the year. He claims salary for five weeks, together with the bonus based on the increase of the business. The jury believed him and rendered a judgment in his favor of $4,205.86, the exact amount due under the contract as claimed by him.

While we are in accord with the trial judge in not being convinced of the correctness of plaintiff's version of the contract, we also agree with him that the verdict, except in some minor respects, is supported by ample testimony and is not against the great weight of the evidence. Irrespective of whether the contract claimed by plaintiff was an unprofitable one for the defendant, or plaintiff's witnesses were disinterested, or not, it became a question for the jury to determine whose version of the contract was correct. It is not within our province to disturb the verdict under the circumstances, except where it is against the great preponderance of the testimony.

Defendant claims that the trial court erred in charging the jury that if it did not find the contract as claimed by either party, it might return a verdict on the *quantum meruit* count of the declaration. In a case where an employee is prevented from com-

pleting a contract he has begun, there are two remedies open to him. He may sue upon the contract, and on a special count for services, labor, and expense incurred from which he has derived no benefit. Where he makes no election, a verdict may be rendered on either count. *Corman Co.* v. *L. A. Young Industries,* 231 Mich. 628, 630. Should he sue upon *quantum meruit,* the measure of damages is what the services are reasonably worth, notwithstanding that such amount may be in excess of the amount fixed by the contract. *Hemminger* v. *Western Assurance Co.,* 95 Mich. 355. In the present case, however, it is obvious that the jury followed the amount fixed by the contract as claimed by plaintiff. They allowed for services for five weeks at $75 a week and for 10 per cent. of the increase of gross receipts of the basement department over those of the previous year. The records show that for 24 weeks defendant paid $10 in excess of the contract price. While plaintiff claims that nothing was said that the $10 was to apply on the bonus, there is testimony of defendant that it paid the $10 a week to apply on the bonus, and, further, such payment was strictly in accord with the contract of employment that plaintiff insists is the correct one. This is also true of the sum of $170 paid to plaintiff in a lump sum, and charged on the books by plaintiff's witness as being paid to apply on the bonus. The judgment was for $410 more than plaintiff was entitled to under his contract. If he will file a remittitur in the amount of $410 within ten days after the filing of this opinion, the judgment is affirmed for $3,795.86. Otherwise a new trial is ordered. Defendant will recover costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.