BURKE v. GAUKLER STORAGE COMPANY.

1. Appeal and Error—Findings of Fact.

The findings of fact required of a trial judge sitting without a jury will not be overturned unless they are clearly erroneous (GCR 1963, 517.1).

2. Contracts—Termination—Mutual Consent.

Finding by the trial judge that a contract in dispute was terminated by mutual consent *held*, supported by the record.

3. Same—Termination—Default—Equity—Recovery in Quantum Meruit.

Damages recoverable by a plaintiff in *quantum meruit* may not exceed the amount of benefit to the defendant if the plaintiff is in default, but a defendant in default is liable for plaintiff's costs even if they exceed defendant's benefits.

4. Same—Termination by Mutual Consent—Equity—Recovery in Quantum Meruit.

Defendant cannot appeal a ruling by the trial court reducing plaintiff's claim for labor costs pursuant to a contract terminated by mutual consent to a level representing the worth of

---

References for Points in Headnotes
[1, 2] 5 Am Jur 2d, Appeal and Error § 839.
[3, 4] 17 Am Jur 2d, Contracts § 379 *et seq.*

the labor to defendant where neither party is in default, since this is the measure of damages recoverable by a plaintiff in default, and only the plaintiff could appeal such a ruling.

Appeal from Oakland, Adams (Clark J.), J. Submitted Division 2 April 3, 1968, at Lansing. (Docket No. 4,064.) Decided September 26, 1968.

Complaint by D. H. Burke against Gaukler Storage Company, a Michigan corporation, to recover money due on a contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Leslie R. Middleton,* for plaintiff.

*George W. Burnard,* for defendant.

Lesinski, C. J. Defendant Gaukler Storage Company claims that the circuit court erred in (1) finding a mutual termination of the contract for paving by Burke of defendant's lot, and (2) awarding $1,760.50 to plaintiff in *quantum meruit.*

This Court will only reverse findings of fact which are clearly erroneous. GCR 1963, 517.1; *Insurance Company of North America* v. *Iroff* (1967), 9 Mich App 151. The record shows sufficient evidence to support the circuit court's finding of mutual termination.

Defendant insists that the measure of the amount recoverable in *quantum meruit* must be the benefit to the party unjustly enriched rather than the expense incurred by plaintiff. The rule in this state is that a plaintiff in default may recover only the benefit to defendant and that a defendant in default is liable for plaintiff's costs regardless of the contract price or benefit to defendant. *Arthur Hemminger* v. *The Western Assurance Company* (1893),

95 Mich 355; *Nyman* v. *B. S. Chapin, Inc.* (1931), 255 Mich 442. It is unnecessary for this Court to decide what rule applies when, as in this case, *neither* party is in default, since the trial judge actually followed the rule defendant requests and cut plaintiff's claim for labor costs in order to reach a figure representing the worth of such labor to defendant. Plaintiff has accepted the ruling of the circuit court and defendant cannot assert plaintiff's right to appeal.

The finding of mutual termination and the award of $1,760.50 are affirmed. Costs to appellee.

T. G. KAVANAGH and FOLEY, JJ., concurred.