GOOD *v.* MARROCCO BUILDING COMPANY

1. APPEAL AND ERROR—FINDINGS OF FACT.
   Findings of fact will not be reversed on appeal unless clearly erroneous (GCR 1963, 517.1).

2. WITNESS—EXPERT—QUALIFICATIONS—DISCRETION.
   The trial court has discretion to determine the qualifications of an expert witness and that determination will not be interfered with on appeal except to correct clear abuse of discretion.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 November 5, 1970, at Detroit. (Docket No. 7877.) Decided December 4, 1970.

Complaint by Norman and Marcella Good against Marrocco Building Company for damages for breach of contract. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Wesley J. Roberts,* for plaintiffs.

*Robert J. Hribar* and *Joseph E. Mihelich,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 5 Am Jur 2d, Appeal and Error § 884.

PER CURIAM.   Plaintiffs Norman and Marcella Good brought this action for breach of contract and recovered a judgment of $2,000 against defendant Marrocco Building Company.   Defendant appeals as of right.

The first issue on appeal questions the sufficiency of the evidence establishing the breach of contract. Examination of the transcript shows that sufficient evidence was presented to support the trial court's finding of fact that the contract was breached.   This Court will only reverse findings of fact which are clearly erroneous.   GCR 1963, 517.1; *Burke* v. *Gaukler Storage Company* (1968), 13 Mich App 536.

Defendant also questions the competency of plaintiff's expert witness whose testimony established the amount of damages sustained.   It is within the discretion of the trial court to determine the qualifications of an expert witness.   This Court will not interfere absent clear abuse.   *Accetola* v. *Hood* (1967), 7 Mich App 83.   We find no abuse of discretion.

Affirmed.   Costs to plaintiffs.