COCKELS v INTERNATIONAL BUSINESS EXPOSITIONS, INC

Docket No. 92621. Submitted January 21, 1987, at Detroit. Decided
    April 6, 1987. Leave to appeal denied, 428 Mich —.
  Irene A. Cockels brought an action in the Oakland Circuit Court
    against her former employer, International Business Exposi-
    tions, Inc., doing business as Business Expo. Plaintiff alleged
    that she was discharged in retaliation for asserting her right to
    compensation, in violation of public policy as embodied in the
    wages and fringe benefits act and in breach of defendant's
    implied covenant of good faith and fair dealing under the terms
    of the employment contract. The trial court, John N. O'Brien,
    J., granted defendant's motion for summary disposition, ruling
    that plaintiff had failed to state a claim upon which relief could
    be granted. Plaintiff appealed.
    The Court of Appeals held:
    1. Plaintiff's written demand of defendant for the prompt
    payment of commissions already earned constituted an exercise
    of a right afforded by the wages and fringe benefits act. An
    employee's discharge for exercising such right is specifically
    proscribed by the act, which provides for procedures the em-
    ployee must follow in seeking remedies exclusively available
    through the Department of Labor. However, plaintiff's failure
    to exhaust administrative remedies available under the act
    prevents her from seeking redress in court. The trial court
    therefore properly granted summary disposition of the claim
    based on the act.
    2. Employment at will, such as in this case, may be termi-
    nated by an employer arbitrarily and capriciously absent a
    violation of public policy or an agreement to the contrary. An

REFERENCES

Am Jur 2d, Labor and Labor Relations § 9.
Am Jur 2d, Master and Servant §§ 27, 43, 60.
Failure to pursue or exhaust remedies under union contract as
    affecting employee's right of state civil action for retaliatory
    discharge. 32 ALR4th 350.
Modern status of rule that employer may discharge at-will em-
    ployee for any reason. 12 ALR4th 544.
See also the annotations in the Index to Annotations under Dis-
    charge From Employment.

employer in an employment at will situation is not, contrary to plaintiff's argument, bound by an implied covenant of good faith and fair dealing. Summary disposition of plaintiff's claim for defendant's breach of such covenant was therefore proper.

Affirmed.

1. LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — TERMINATION OF EMPLOYMENT.

An employee's written demand of his employer for the prompt payment of commissions earned constitutes an exercise of a right afforded by the wages and fringe benefits act; an employer may not discharge an employee in retaliation for the employee's exercise of such right (MCL 408.471[1][f], 408.483; MSA 17.277[1][f], 17.277[13]).

2. LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — TERMINATION OF EMPLOYMENT — REMEDIES.

An employee who, in violation of the wages and fringe benefits act, is discharged in retaliation for exercising a right afforded by the act may not seek redress in court unless administrative remedies available through the Department of Labor are exhausted (MCL 408.483; MSA 17.277[13]).

3. LABOR RELATIONS — EMPLOYMENT AT WILL — TERMINATION OF EMPLOYMENT.

An employer, in an employment at will situation, is not bound by an implied covenant of good faith and fair dealing, and may discharge an employee arbitrarily and capriciously absent a violation of public policy or an agreement to the contrary.

*Pierce & Pierce, P.C.* (by *Paul T. Mengel*), for plaintiff.

*Cohen & Ellias, P.C.* (by *Stephen Z. Cohen*), for defendant.

Before: SULLIVAN, P.J., and GRIBBS and E. C. PENZIEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Oakland Circuit Court granting summary disposition in favor of defendant.

For purposes of this motion, the material facts

---

* Circuit judge, sitting on the Court of Appeals by assignment.

are not in dispute. Plaintiff, Irene A. Cockels, was employed by defendant, International Business Expositions, Inc., a corporation doing business as Business Expo, from approximately December 1, 1983, until October 3, 1984. Plaintiff was compensated by defendant on a commission basis of ten percent on sales of booths and advertising for defendant's business expositions. Plaintiff allegedly performed in an exemplary manner and was, in fact, not disciplined or reprimanded in any fashion by defendant from the beginning of her employment to September 6, 1984. On September 6, 1984, plaintiff's attorney wrote defendant, requesting payment of approximately $2,000 in commissions which defendant allegedly owed and wrongfully withheld from plaintiff. In the three weeks which followed, plaintiff received twelve memoranda from defendant reprimanding her for various aspects of her employment performance. Finally, on October 3, 1984, plaintiff was discharged by defendant.

On December 21, 1984, plaintiff filed a complaint with the Michigan Department of Labor. Plaintiff did not allege wrongful termination, but merely sought the return of wages and commissions allegedly due as of October 31, 1984. This claim was ultimately resolved by a consent agreement reached by the parties.

Plaintiff thereafter filed the instant complaint in the circuit court on February 4, 1986, alleging that her discharge, due to her assertion of her right to compensation, violated the "public policy of the State of Michigan as embodied in the wages and fringe benefits act," MCL 408.471 *et seq.;* MSA 17.277(1) *et seq.* (Count i), and was in breach of defendant's implied covenant of good faith and fair dealing in the contract of employment (Count ii).

On March 7, 1986, defendant filed a motion for

summary disposition, claiming that plaintiff's complaint failed to state a claim upon which relief could be granted. Defendant argued that the Department of Labor had exclusive jurisdiction over Count I of the complaint and that Count II was not cognizable in Michigan because plaintiff was an employee at will. Following a hearing on the motion, the circuit court granted the motion in an order entered April 24, 1986.

Defendant's motion for summary disposition was brought and granted under MCR 2.116(C)(8). Motions under this subrule test the legal sufficiency of the pleadings. All well-pled allegations must be taken as true, and the motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Hankins v Elro Corp,* 149 Mich App 22, 26; 386 NW2d 163 (1986).

Plaintiff first argues that the trial judge erred in dismissing her claim that she was improperly discharged for demanding payment of her commissions. The trial court held that this claim fell within the ambit of the act, which grants exclusive jurisdiction over the claim to the Department of Labor. We find no error.

The preamble to the act states:

> AN ACT to regulate the time and manner of payment of wages and fringe benefits to employees; to prescribe rights and responsibilities of employers and employees, and the powers and duties of the department of labor; to require keeping of records; to provide for settlement of disputes regarding wages and fringe benefits; to prohibit certain practices by employers; to prescribe penalties and remedies . . . .

MCL 408.472; MSA 17.277(2) gives employees

the right to payment of earned wages at specific, regular intervals. MCL 408.471(1)(f); MSA 17.277(1)(f) defines "wages" as "all earnings," including those determined on the basis of commission.

MCL 408.483; MSA 17.277(13) provides in pertinent part:

> (1) An employer shall not discharge an employee or discriminate against an employee because the employee filed a complaint, instituted or caused to be instituted a proceeding under or regulated by this act, testified or is about to testify in a proceeding, or *because of the exercise by the employee on behalf of an employee or others of a right afforded by this act.*
>
> (2) *An employee who believes that he or she is discharged* or otherwise discriminated against by an employer in violation of this section *may file a complaint with the [labor] department alleging the discrimination within 30 days after the violation occurs.* Upon receipt of the complaint, the department shall cause an investigation to be made. If, upon the investigation, the department determines that this section was violated, the department shall order the rehiring or reinstatement of an employee to his or her former position with back pay. [Emphasis added.]

MCL 408.481; MSA 17.277(11) provides that "a complaint filed under section 13(2) must be filed within 30 days after the alleged violation occurs." MCL 408.481; MSA 17.277(11) further provides the manner in which the department is to investigate and hear an alleged violation.

At issue is whether plaintiff's written demand for prompt payment of earned commissions, for which she was allegedly terminated, constituted the "exercise by the employee . . . of a right afforded by this act," MCL 408.483(1); MSA

17.277(13)(1). Both parties agree that, if this inquiry is answered in the positive, the remedies provided by the act apply and are exclusive.

The allegations in plaintiff's complaint do not specifically claim that plaintiff was not paid in accordance with the exact schedules set forth in MCL 408.472; MSA 17.277(2); rather, plaintiff alleged that she demanded "payment of approximately $2,000 in commissions owed plaintiff and unpaid." Plaintiff further alleged that she was discharged in retaliation for this demand, in violation of the public policy embodied in the act. We believe that these allegations were sufficient to bring plaintiff's claim within the ambit of the act. As stated in the preamble, one of the purposes of the act is to prescribe the rights and responsibilities of employers and employees with regard to the time and manner of payment of wages. Although plaintiff did not specify in her request that her commissions had been withheld in violation of the schedules set forth in the act, MCL 408.472; MSA 17.277(2), she was clearly asserting her rights to payment of those commissions and those rights were in fact derived from the act.

Accepting the truthfulness of the allegations, we therefore conclude that plaintiff was terminated for exercising a right afforded by the act. Moreover, plaintiff is not excused from failing to seek her remedy pursuant to the act merely because she pleaded that the act embodies an independent public policy that employees receive payment of wages in a timely manner. Although a termination in contravention of a strong public policy is wrongful and an exception to the general rule that employment contracts may be terminable at will, *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982); *Watassek v Dep't of Mental Health,* 143 Mich App 556, 563;

372 NW2d 617 (1985), lv den 424 Mich 878 (1986), administrative remedies provided by the Legislature in statutory schemes embodying those public policies must be pursued before a grievant may seek legal redress in the courts. *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 479; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982); *Ohlsen v DST Industries, Inc,* 111 Mich App 580, 585-586; 314 NW2d 699 (1981), lv den 417 Mich 1046 (1983); *Covell v Spengler,* 141 Mich App 76, 84; 366 NW2d 76 (1985), lv den 422 Mich 977 (1985). Since plaintiff failed to pursue the administrative remedies provided by the statute, we need not decide whether the public policy expressed in the statute is one which provides an exception to the general rule that employment contracts may be terminable at will. Summary disposition as to Count i was proper.

Plaintiff also argues that she has stated a cause of action for breach of the implied convenant of good faith and fair dealing, even though she concedes that she was an at-will employee.

This issue was before the Michigan Supreme Court in *Prussing v General Motors Corp,* 403 Mich 366; 269 NW2d 181 (1978), where the Court declined to rule on the issue. Subsequently, in *Schwartz v Michigan Sugar Co, supra,* this Court likewise declined to rule on the issue, stating that such a "radical departure from the common law and Michigan precedent . . . should come from the Supreme Court." 106 Mich App 481.

Similarly, in *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981), this Court reversed the trial court's denial of defendant's motion for summary judgment with respect to plaintiff's claim that he was demoted by his employer maliciously and in bad faith. In so doing, this Court rejected the notion that an employer

was charged with an implied covenant to act with good faith in an at-will employment contract:

> Regarding plaintiff's Count III, a contract for indefinite employment has generally been held to be terminable at will. *Lynas v Maxwell Farms,* [279 Mich 684; 273 NW 315 (1937)]. This Court has stated that "[s]uch a contract is not violated even by an arbitrary or capricious discharge." *Hernden v Consumers Power Co* [72 Mich App 349; 249 NW2d 419 (1976)] *supra,* 356. However, this Court has intervened where "the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state." *Sventko v The Kroger Co,* 69 Mich App 644, 647; 245 NW2d 151 (1976). [102 Mich App 619.]

*Schipani* thus illustrates the inconsistency between an implied covenant of good faith and fair dealing and an employer's rights to discharge at-will employees. In Michigan, an employer may terminate an employee arbitrarily and capriciously absent a violation of public policy or an agreement to the contrary. As noted by our Supreme Court in *Michigan State Employees Ass'n v Dep't of Mental Health,* 421 Mich 152, 158; 365 NW2d 93 (1984):

> The legal protection of employee interests in job security is the exception, rather than the rule, in this state. In the absence of contractual agreements to the contrary, see, *e.g., Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), and of unlawful reasons for discharge such as race or sex discrimination, private sector employees are terminable at the will of their employers.

Summary disposition as to Count II was likewise proper.

Affirmed.