**Alan B. OTIS, Plaintiff,**

v.

**ZAYRE CORPORATION, Defendant.**

**No. K87–155 CA.**

United States District Court,
W.D. Michigan, S.D.

Aug. 19, 1988.

Deming, Hughey, Lewis, Keiser, Allen & Chapman, P.C. by Ross E. Chapman, Kalamazoo, Mich., for plaintiff.

Honigman, Miller, Schwartz & Cohn by Thomas E. Marshall, Kevin I. Green, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Alan B. Otis ("Otis") filed this diversity action against Zayre Corporation ("Zayre") alleging breach of an implied contract of employment which required "just cause" for dismissal, negligence, and breach of an implied covenant of good faith and fair dealing. Zayre denies the existence of a "just cause" contract of employment but alternatively asserts that there was in fact just cause for Otis' dismissal. In addition, Otis argues that plaintiff's claims for negligent performance of the employment contract and breach of an implied covenant of good faith and fair dealing are not cognizable under Michigan law. Presently pending before the Court is defendant's motion for summary judgment. The Court has reviewed defendant's motion, plaintiff's response, defendant's reply brief, the arguments presented and the supporting evidence. The Court has also reviewed the relevant statutory and case law. For reasons stated below, Zayre's motion for summary judgment is granted and the instant lawsuit dismissed.

■ The standards for summary judgment are well known and need not be repeated in resolving this motion. *See* Federal Rule of Civil Procedure 56; *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See generally* S. Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183 (1987). It is sufficient to note that summary judgment is appropriate where, after adequate time for discovery, plaintiff fails to present sufficient evidence in support of an element essential to his claim and on which plaintiff will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

■ Zayre has moved for summary judgment on Count I of Otis' complaint which alleges that the defendant breached an implied contract of employment. Zayre denies Otis' contention the company had a "discharge-for-cause" policy which was breached when Otis was discharged without an opportunity to correct alleged deficiencies in his performance. In support of its motion, defendant has presented evidence of the written disclaimer contained in Zayre's personnel manual which reads as follows:

> While Zayre believes wholeheartedly in its personnel plans, policies, and procedures, many of which are set out in this manual, they are not conditions of employment. Neither this manual, company practices, nor other oral or written policies of the company create an employment contract or term, or limit the reasons or procedures for termination or modification of the employment relationship. Rather, our manual simply outlines some of our general guidelines which may be changed with or without any notice at any time.

In addition, Zayre presents evidence that Otis signed an employment application containing the following language:

> The Employe [sic] acknowledges that his employment under this agreement is from month to month only on a calendar

month basis. The employer and the Employe [sic] acknowledge that there are no other arrangements, agreements or understandings, verbal or in writing, regarding same and that any modification or amendment hereof, other than a cancellation and replacement hereof by another written form of agreement, must be endorsed hereon in writing and initialled by Employe [sic] and the Employer.

Finally, there is deposition testimony to the effect that management employees were terminable at will and that there was no "just cause" policy with respect to those employees. In rebuttal, Otis testified at deposition that he had a legitimate expectation of dismissal only for cause based on the company's personnel manual, certain representations made by management officials, and his own observations of actions taken by the company in disciplining other employees.

In *Taylor v. General Motors Corp.*, 826 F.2d 452 (6th Cir.1987), the Sixth Circuit Court of Appeals addressed the effect of similar language and held that the employment contract at issue was terminable at will pursuant to the undisputed language of the original contract and by virtue of supplemental contracts to the same effect. *Id.* at 457. Likewise, in *Dell v. Montgomery Ward and Co.*, 811 F.2d 970 (6th Cir. 1987), the Court of Appeals analyzed similar language and held that where Dell had signed a "sign off" sheet acknowledging that employment was at-will and may be terminated with or without just cause, there was no reasonable basis to conclude that the company would terminate employees only for cause. *Id.* at 974. As a result, the Court of Appeals concluded that the Dell was precluded from maintaining a *Toussaint* claim for wrongful discharge. *Id. See Toussaint v. Blue Cross & Blue Shield*, 408 Mich. 579, 292 N.W.2d 880 (1980). In affirming the district court's grant of summary judgment, the court stated:

> It is difficult to imagine what more the defendant might have done to make it crystal clear to Dell and all Montgomery Ward employees, that, unless some other

arrangement were made directly with the President and Chief Executive Officer or Executive Vice President of Human Resources, Montgomery Ward employees are employees "at will" who may be discharged with or without cause.... The unequivocal language in the "sign off sheet" in this case, which stated that the employees could be discharged "with or without cause and without any previous notice," means what it says and is binding upon the parties.

*Id.*

The Court finds these cases controlling. The facts presented here are analogous to those in *Taylor* and *Dell.* As a result, this Court must also conclude as a matter of law that in light of the express disclaimers negating an employment contract terminable only for just cause, the contract at issue here was an "at will" contract which could be terminated with or without cause. The evidence relied upon by Otis to support his claim only establishes that plaintiff had a subjective expectation of dismissal only for cause. However, "plaintiff's subjective expectation does not create an enforceable contract right." *Dell,* 811 F.2d at 974. Accordingly, Zayre's motion for summary judgment on Count I of Otis' complaint must be granted.

In Count II Otis alleges that Zayre negligently violated its contractual duties with respect to his termination. Zayre has moved for dismissal of this count on the ground that Otis' claim is not cognizable under Michigan law. It is well established that in order to separate tort action under Michigan law, tortious conduct must exist independent of the facts giving rise to a breach of contract claim. *Valentine v. General American Credit*, 420 Mich. 256, 362 N.W.2d 628 (1984). Otis' allegations with respect to Zayre's performance of the contract are directly related to the issue of whether there was just cause for his dismissal. These allegations are integrally related to the company's duties under the employment contract and do not give rise to a separate negligence action. *Haas v. Montgomery Ward and Co.*, 812 F.2d 1015, 1016–17 (6th Cir.1987); *Brewster v.*

*Martin Marietta Aluminum Sales, Inc.,* 145 Mich.App. 641, 668, 378 N.W.2d 558 (1985). Accordingly, Count II of the complaint is also dismissed.

■ Likewise, Zayre has moved for dismissal of Count III of Otis' complaint on the ground that a claim for breach of an implied covenant of fair dealing is not cognizable under Michigan law. The Michigan Supreme Court has yet to decide this issue. *See Prussing v. General Motors Corp.,* 403 Mich. 366, 269 N.W.2d 181 (1978). However, Michigan lower courts addressing this issue have declined to judicially recognize such a claim in the employment context absent a mandate from the Michigan Supreme Court. *See Schwartz v. Michigan Sugar Co.,* 106 Mich.App. 471, 480–81, 308 N.W.2d 459 (1981). *See also Cockels v. International Business Expositions, Inc.,* 159 Mich.App. 30, 406 N.W.2d 465 (1987). The Court finds these cases persuasive. Absent direction to the contrary from the Michigan legislature, the Michigan Supreme Court or, alternatively, the Sixth Circuit Court of Appeals, this Court must also conclude that no cognizable claim for breach of an implied covenant of good faith and fair dealing exists in the employment context under Michigan law. Accordingly, Zayre's motion for dismissal of Count III of the complaint is also granted. Having disposed of all counts of the complaint, the instant lawsuit is dismissed with prejudice.