REO v LANE BRYANT, INC

Docket No. 166515. Submitted February 7, 1995, at Grand Rapids. Decided June 6, 1995, at 9:00 A.M.

Kelley A. Reo petitioned the Kalamazoo Circuit Court for judicial review of the Department of Labor's dismissal of her claim that Lane Bryant, Inc., her employer, violated the wages and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*, by discharging her for disclosing her wages. The department had determined that the claim was not timely under MCL 408.483(2); MSA 17.277(13)(2) because it had not been filed within thirty days of the discharge. The court, William G. Schma, J., agreeing with the department, granted Lane Bryant's motion to dismiss the petition for review. The petitioner appealed.

The Court of Appeals *held:*

The petitioner's claim is not subject to MCL 408.483(2); MSA 17.277(13)(2) because the claim is not for discharge in retaliation for asserting, on behalf of another, a right afforded under the wages and fringe benefits act. The claim is for a violation of MCL 408.483a(c); MSA 27.277(13a)(c), which prohibits an employer from discharging, formally disciplining, or otherwise discriminating against an employee who discloses the amount of the employee's own wages. A violation of § 13a, as well as any other section of the wages and fringe benefits act, except for § 13, is subject to the one-year filing requirement of MCL 408.481; MSA 17.277(11).

Reversed and remanded for further proceedings.

MASTER AND SERVANT — WAGES AND FRINGE BENEFITS ACT — DISCHARGE FOR DISCLOSURE OF WAGES.

The wages and fringe benefits act prohibits an employer from discharging, formally disciplining, or otherwise discriminating against an employee who discloses the amount of the employee's own wages; a complaint alleging a violation of the prohibition may be filed with the Department of Labor within twelve

REFERENCES

Am Jur 2d, Labor and Labor Relations § 656.
See ALR Index under Labor and Employment.

months after the alleged violation (MCL 408.481, 408.483a(c); MSA 17.277[11], 17.277[13a][c]).

*John T. Burhans,* for Kelley A. Reno.

*Gemrich, Moser, Bowser, Fette & Lohrman* (by *Mary E. Delahanty*) (*Vorys, Sater, Seymour & Pease* by *Douglas L. Williams* and *Susan A. Cohen,* of Counsel), for Lane Bryant, Inc.

Before: MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ.

PER CURIAM. Petitioner Kelly A. Reo appeals from a circuit court order that granted a motion by respondent Lane Bryant, Inc., for dismissal of petitioner's petition for judicial review. We reverse.

Petitioner had filed a claim with the Michigan Department of Labor alleging that she had been fired in violation of MCL 408.483a; MSA 17.277(13a) more than three months earlier for disclosing her wages. The Department of Labor eventually issued a determination order dismissing petitioner's claim because of her failure to file the claim within thirty days of the violation, as required by MCL 408.483(2); MSA 17.277(13)(2). Petitioner's petition for review in the circuit court was dismissed after the circuit court agreed that petitioner's delay in filing her claim precluded her from seeking relief.[1]

---

[1] Petitioner also argues on appeal that the circuit court had jurisdiction to hear the case despite her failure to exhaust administrative remedies. Although not explicitly decided by the circuit court, because the circuit court impliedly decided this issue in petitioner's favor, she is not the proper party to raise this issue on appeal, and respondent has not filed a cross appeal. See *Burke v Gaukler Storage Co,* 13 Mich App 536; 164 NW2d 691 (1968). In any event, exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration. *Int'l Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 608-610; 255 NW2d 702 (1977). Because it appears that

We believe the circuit court and the Department of Labor incorrectly interpreted the statutes at issue. While this Court is generally required to give great weight to any reasonable construction of a statute adopted by the agency charged with its enforcement, *In re Quality of Service Standards for Regulated Telecommunication Services,* 204 Mich App 607, 612; 516 NW2d 142 (1994), the agency's interpretation cannot be used to overcome a statute's plain meaning. *Ludington Service Corp v Acting Comm'r of Ins,* 444 Mich 481, 505; 511 NW2d 661 (1994). Additionally, statutes granting power to administrative agencies . must be strictly construed. *In re Public Service Commission's Determination Regarding Coin-Operated Telephones, Direct-Inward Dialing, and Touchtone Service, No 2,* 204 Mich App 350, 353; 514 NW2d 775 (1994).

Because the thirty-day filing requirement contained in § 13(2) applies only to violations of § 13, the circuit court and the Department of Labor erred in applying that requirement to petitioner's claim under § 13a, an entirely different section of the wages and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*[2] The circuit court further erred in concluding that petitioner was exercising a right afforded by the act and in analyzing petitioner's claim under § 13(1).

Section 13(1) is inapplicable to petitioner's claim because petitioner was not fired for filing a complaint, instituting a proceeding under the act, testifying in a proceeding, or exercising a right on behalf of another, the only situations to which § 13

the trial court could have granted petitioner leave for judicial review, any error in failing to explicitly do so is harmless. *Id.*

[2] We note that § 13a was added to the wages and fringe benefits act in 1982 and became effective in 1983, while all other sections of the act took effect in 1978.

is applicable. MCL 408.483(1); MSA 17.277(13)(1) provides, in pertinent part:

> An employer shall not discharge an employee or discriminate against an employee because the employee filed a complaint, instituted or caused to be instituted, a proceeding under or regulated by this act, testified or is about to testify in a proceeding, or *because of the exercise by the employee on behalf of an employee or others of a right afforded by this act.* [Emphasis added.]

We believe that in order to fall within the plain meaning of the above provision an employee must be exercising a right afforded by the act on behalf of *another* employee or other person. Simply exercising a right on one's own behalf would not bring an employee within the purview of § 13.[3]

Here, petitioner's claim is clearly addressed by § 13a(c), which prohibits an employer from "discharg[ing], formally disciplin[ing], or otherwise discriminat[ing] against for job advancement an employee who discloses his or her wages." Accordingly, we conclude that petitioner was entitled to file her claim with the Department of Labor within one year of the alleged violation, as permitted by MCL 408.481; MSA 17.277(11), which provides a twelve-month filing period for violations of all sections of the act with the exception of § 13(2).[4]

Reversed and remanded for further proceedings

---

[3] We recognize that an earlier panel of this Court has interpreted § 13 differently. In *Cockels v Int'l Business Expositions, Inc,* 159 Mich App 30; 406 NW2d 465 (1987), a panel of this Court interpreted § 13 to apply to a situation in which an employee was exercising a right afforded by the act on her own behalf. We believe that interpretation to be incorrect.

[4] We recognize that our construction of the act may result in a civil fine being the only remedy available under the act if petitioner's claim is proved on remand, because the remedies provided in MCL 408.488(1), (2), and (3); MSA 17.277(18)(1), (2), and (3) apply only to violations of §§ 2 through 8. While we are cognizant of this result, we are without authority to change it, given our interpretation of the

consistent with this opinion. We do not retain jurisdiction.

statutes and the Legislature's failure to provide explicit remedies for violations of § 13a. Furthermore, because the Department of Labor has never even ruled on the merits of petitioner's claim, a discussion of available remedies at this point would be premature.