# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL RAMOS,

        Plaintiff-Appellant,

v

INTERCARE COMMUNITY HEALTH
NETWORK,

        Defendant-Appellee.

FOR PUBLICATION
January 30, 2018

No. 335061
Van Buren Circuit Court
LC No. 16-066176-AA

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

HOEKSTRA, J (*concurring in part and dissenting in part*).

I concur in the majority's affirmance of the circuit court's decision based on *Reo v Lane Bryant, Inc.*, 211 Mich App 364; 536 NW2d 556 (1995). However, because I believe that *Reo* was correctly decided, I dissent from the majority's call to convene a conflict panel under MCR 7.215(J)(2).

The majority concludes that, but for *Reo*, filling out a timecard on one's own behalf constitutes a protected activity under MCL 408.483(1). This provision states:

> (1) An employer shall not discharge an employee or discriminate against an employee because the employee filed a complaint, instituted or caused to be instituted a proceeding under or regulated by this act, testified or is about to testify in a proceeding, or *because of the exercise by the employee on behalf of an employee or others of a right afforded by this act*. [MCL 408.483(1) (emphasis added).]

Plainly, the statute protects an employee who (1) filed a complaint, (2) instituted or caused a proceeding to be instituted under the wage and fringe benefits act, MCL 408.471 *et seq*.; and (3) testified or is about to testify in a proceeding under the wage and fringe benefits act. Additionally, relevant to the present case, the statute prohibits an employer from discharging or discriminating against an employee "because of the exercise by the employee on behalf of an employee or others of a right afforded by this act." MCL 408.483(1).

It is only this last clause which is relevant in this case. That is, plaintiff was not fired for filing a complaint, for instituting or causing a proceeding to be instituted, or for testifying or

-1-

being about to testify in a proceeding. Instead, plaintiff contends that he personally exercised a right to payment of wages by filling out his timesheet and that ICHN violated MCL 408.483(1) by firing him for exercising this right.[1] However, as noted by the majority, this Court previously considered MCL 408.483(1) and held "that in order to fall within the plain meaning of the above provision an employee must be exercising a right afforded by the act on behalf of *another* employee or other person." *Reo*, 211 Mich App at 367. Under *Reo*, plaintiff's exercise of a right, which was not done on behalf of another, is not protected under MCL 408.483(1).

The majority in this case now contends that *Reo* inappropriately added the word "another" to MCL 408.471(1) and that, because plaintiff is "an employee," he is protected under MCL 408.483(1) when, as "the employee" in question, he exercises a right on his own behalf. However, in my judgment, such an interpretation ignores the use of the phrase "on the behalf of" as it appears in the context of MCL 408.483(1). In particular, as commonly understood, the word "behalf" means "interest," "benefit," "support," or "defense." *Merriam-Webster's Collegiate Dictionary* (11th ed.), p. 110. And, the phrase "on behalf of" means "in the name of, on the part of, as the agent or representative of." *Black's Law Dictionary* (10th ed.). See also *Perkovic v Zurich Am Ins Co*, 500 Mich 44, 55; 893 NW2d 322 (2017). In other words, while the phrase "another employee" does not appear in MCL 408.483(1), the phrase "on behalf of" plainly acknowledges the existence of an agency or representative relationship in which the employee acts "on behalf of" *another*, be it an employee or other person. Consequently, unlike the majority, I am persuaded that *Reo*, 211 Mich App at 367, correctly held "that in order to fall within the plain meaning of the above provision an employee must be exercising a right afforded by the act on behalf of *another* employee or other person."[2]

Aside from the assertion that *Reo* was incorrect, the majority also suggests that a conflict panel is appropriate because *Reo* "stands alone in its holding." In this regard, the majority faults *Reo* for offering "little basis" for rejecting *Cockels*,[3] an earlier decision of this Court to consider MCL 408.483(1). However, any reliance on *Cockels* is misplaced because *Cockels* was decided in 1987. As such, unlike *Reo*, *Cockels* is not binding precedent; and *Reo* had no obligation to follow *Cockels*. MCR 7.215(J)(1). Moreover, while the majority attempts to characterize *Reo* as

---

[1] ICHN paid plaintiff for the hours that he claimed on his timesheet. Thus, plaintiff has not filed a complaint seeking payment of unpaid wages under MCL 408.481(1). Instead, plaintiff seeks reinstatement and back pay under MCL 408.483(2) for discharge in violation of MCL 408.483(1).

[2] Under this interpretation, the employee is not unprotected given that an employee has the ability to exercise his or her own rights by filing a complaint for employer violations, MCL 408.481(1), and that the filing of a complaint as well as instituting and testifying in proceedings under the wage and fringe benefits act are protected under MCL 408.483(1). The final provision in MCL 408.483(1) simply makes plain that in addition to these protections, the employee is protected for exercising such rights on behalf of another.

[3] *Cockels v Intl Bus Expositions, Inc.*, 159 Mich App 30, 35; 406 NW2d 465 (1987).

an incorrectly decided anomaly, I note that *Reo* was decided in 1995 and it has constituted the rule of law on this issue for more than 20 years, during which the Legislature has not seen fit to address this Court's interpretation of MCL 408.483(1). See *In re Medina*, 317 Mich App 219, 232-233 & n 6; 894 NW2d 653 (2016) (considering legislative acquiescence as a factor weighing against calling a conflict panel under MCR 7.215(J)(2)).

Overall, I am persuaded that *Reo* was correctly decided and I see no need for a conflict panel under MCR 7.215(J)(2). Adhering to *Reo*, I would simply affirm the circuit court's decision.

/s/ Joel P. Hoekstra