# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL RAMOS,

        Plaintiff-Appellant,

v

INTERCARE COMMUNITY HEALTH
NETWORK,

        Defendant-Appellee.

FOR PUBLICATION
January 30, 2018
9:05 a.m.

No. 335061
Van Buren Circuit Court
LC No. 16-066176-AA

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

SHAPIRO, J.

In this action involving the wages and fringe benefits act, MCL 408.471 *et seq.*, plaintiff Joel Ramos filed an administrative employment wage complaint against his former employer, defendant Intercare Community Health Network (ICHN), alleging that he had been illegally discharged for engaging in a protected activity under MCL 408.483(1). The Wage and Hour Program (WHP) of the Department of Licensing and Regulatory Affairs (LARA) ruled against him in a determination order, concluding that plaintiff has not been discharged for engaging in any of the protected activities listed in the statute. The circuit court affirmed the decision of the WHP and plaintiff now appeals to this Court as of right. We affirm the circuit court because we are bound by the precedent of *Reo v Lane Bryant, Inc.*, 211 Mich App 364; 536 NW2d 556 (1995). Were we not bound by that opinion, we would reverse and remand for a new determination from the WHP based upon the scope of the statute as discussed herein. Accordingly, we call for a conflict panel per MCR 7.215(J)(2).

Plaintiff worked for ICHN for approximately two years. He was discharged from his job on June 26, 2015. At the time of his termination, ICHN informed plaintiff that he was being discharged because he falsified his timesheet. Plaintiff filed an employment wage complaint with the WHP. He maintained that he correctly filled out his timesheet and that, by accurately filling out his timesheet, he was exercising a right to receive payment of his wages under the wages and fringe benefits act. Based on the assertion that he was exercising a right under the act,

-1-

plaintiff contended that under MCL 408.483(1), he could not be discharged for correctly filling out his timesheet. He sought reinstatement and back pay under MCL 408.483(2).[1]

MCL 408.483(1) prohibits an employer from discharging or discriminating against an employee who engages in certain activities. In particular, the statute provides that:

> An employer shall not discharge an employee or discriminate against an employee because the employee filed a complaint, instituted or caused to be instituted a proceeding under or regulated by this act, testified or is about to testify in a proceeding, or because of the exercise by the employee on behalf of an employee or others of a right afforded by this act. [MCL 408.483(1).]

The WHP did not make a substantive determination regarding whether plaintiff had falsified his timecard. Instead, relying in part on *Reo v Lane Bryant, Inc.*, 211 Mich App 364; 536 NW2d 556 (1995), the WHP concluded that whether or not plaintiff's entries were accurate, filling out a timecard on one's own behalf did not constitute a protected activity because exercising a right on one's own behalf does not bring the individual within the purview of MCL 408.483(1).

Plaintiff argues that the WHP and the circuit court[2] erred by misinterpreting MCL 408.483(1); specifically, that they erred by concluding that an employee's exercise of his own rights under the wages and fringe benefits act is not protected under the statute. Plaintiff argues that under the plain language of the statute, the exercise of his own rights under the act, is the exercise of rights on behalf of "an employee" because he is "an employee."

---

[1] MCL 408.483(2) provides as follows:

> An employee who believes that he or she is discharged or otherwise discriminated against by an employer in violation of this section may file a complaint with the department alleging the discrimination within 30 days after the violation occurs. Upon receipt of the complaint, the department shall cause an investigation to be made. If, upon the investigation, the department determines that this section was violated, the department shall order the rehiring or reinstatement of an employee to his or her former position with back pay.

[2] "This Court's review of a circuit court's ruling on an appeal from an administrative decision is limited." *Buckley v Prof Plaza Clinic Corp*, 281 Mich App 224, 231; 761 NW2d 284 (2008). "This Court must determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Id*. "This latter standard is indistinguishable from the clearly erroneous standard of review that has been widely adopted in Michigan jurisprudence. As defined in numerous other contexts, a finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Logan v Manpower of Lansing, Inc*, 304 Mich App 550, 555; 847 NW2d 679 (2014) (quotation marks and citation omitted).

-2-

Notably, this Court has previously addressed this issue and concluded that to fall within the plain meaning of MCL 408.483(1), "an employee must be exercising a right afforded by the act on behalf of *another* employee or other person. Simply exercising a right on one's own behalf would not bring an employee within the purview of [MCL 408.483]." *Reo*, 211 Mich App at 367. Under *Reo,* plaintiff's exercise of rights on his own behalf would not be protected under MCL 408.483(1).[3]

While we are bound by the *Reo* decision, we conclude that it was wrongly decided. MCL 408.403(1) does not refer to "another" or "a different" employee; it refers to "an employee." The word "another" does not even appear in MCL 408.483(1). This substitution of one word for another is inconsistent with the principle that "[t]he statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *Burleson v Dep't of Environmental Quality*, 292 Mich App 544, 557-558; 808 NW2d 792 (2011) (quotation marks and citation omitted). Accordingly, this Court "may not substitute . . . a word chosen by the Legislature or mistakenly assume that the Legislature mistaken used one word or phrase instead of another." *Id*. at 558; *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (holding that courts "may not assume that the Legislature inadvertently made use of one word or phrase instead of another") (quotation marks and citation omitted).

"When a statute does not define a word, we presume the Legislature intended the word to have its plain and ordinary meaning, which we may discern by consulting a dictionary." *Denton v Dep't of Treasury*, 317 Mich App 303, 312; 894 NW2d 694 (2016). In relevant part, *Merriam Webster's Collegiate Dictionary* (11th ed) defines "a" as "used as a function word before a singular nouns when the referent is unspecified." The definition of "another," the word substituted in *Reo,* is defined as "different or distinct from the one first considered."

We also note that *Reo* stands alone in its holding. The first Court of Appeals' case to address the question, *Cockels v Int'l Business Expositions, Inc*, 159 Mich App 30; 406 NW2d 465 (1987), applied the protections to a situation in which an employee exercised a right under the act on behalf of himself. *Cockels* was decided before the adoption of MCR 7.215(J)(1), and so was not precedentially binding on *Reo*. However, the opinion in *Reo* offers little basis to have rejected *Cockels*. The entire discussion of the issue in *Reo* reads:

> We believe that in order to fall within the plain meaning of the above
> provision an employee must be exercising a right afforded by the act on behalf of

---

[3] We disagree with plaintiff's argument that *Reo's* consideration of this issue amounted to mere dicta and should not be given precedential authority. "Dictum" is defined as "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)." *Mount Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600, 610 n 2; 840 NW2d 750 (2013) (quotation marks and citation omitted). In *Reo*, the Court clearly relied on the specific language of the statute at issue in this case to conclude that the plaintiff's claim based upon the exercise of his own rights was not protected.

*another* employee or other person.  Simply exercising a right on one's own behalf would not bring an employee within the purview of § 13.  [*Reo*, 211 Mich App at 367.]

As to the decision in *Cockel*, the *Reo* Court stated only that "[w]e believe [*Cockel's*] interpretation to be incorrect."  *Id.* n 3.

We affirm because *Reo* is binding precedent, MCR 7.215(C)(2).  However, we conclude that *Reo* was wrongly decided and that a conflict panel should evaluate its reasoning and conclusions.  MCR 7.215(J)(2).

Affirmed.


/s/ Douglas B. Shapiro
/s/ Cynthia Diane Stephens