Hoekstra, P.J. (concurring in part and dissenting in part).
I concur in the majority's affirmance of the circuit court's decision on the basis of Reo v. Lane Bryant , Inc. , 211 Mich.App. 364, 536 N.W.2d 556 (1995). However, because I believe that Reo was correctly decided, I dissent from the majority's call to convene a conflict panel under MCR 7.215(J)(2).
The majority concludes that, but for Reo , filling out a time sheet on one's own behalf constitutes a protected activity under MCL 408.483(1). This provision states:
(1) An employer shall not discharge an employee or discriminate against an employee because the employee filed a complaint, instituted or caused to be instituted a proceeding under or regulated by this act, testified or is about to testify in a proceeding, or because of the exercise by the *143 employee on behalf of an employee or others of a right afforded by this act . [ MCL 408.483(1) (emphasis added).]
*291 Plainly, the statute protects an employee who (1) filed a complaint; (2) instituted or caused a proceeding to be instituted under the wages and fringe benefits act, MCL 408.471 et seq . ; and (3) testified or is about to testify in a proceeding under the wages and fringe benefits act. Additionally, relevant to the present case, the statute prohibits an employer from discharging or discriminating against an employee "because of the exercise by the employee on behalf of an employee or others of a right afforded by this act." MCL 408.483(1).
It is only this last clause that is relevant in this case. That is, plaintiff was not fired for filing a complaint, for instituting or causing a proceeding to be instituted, or for testifying or being about to testify in a proceeding. Instead, plaintiff contends that he personally exercised a right to payment of wages by filling out his timesheet and that defendant violated MCL 408.483(1) by firing him for exercising this right.[1] However, as noted by the majority, this Court previously considered MCL 408.483(1) and held "that in order to fall within the plain meaning of the above provision an employee must be exercising a right afforded by the act on behalf of another employee or other person." Reo , 211 Mich.App. at 367, 536 N.W.2d 556. Under Reo , plaintiff's exercise of a right, which was not done on behalf of another, is not protected under MCL 408.483(1).
The majority in this case now contends that Reo inappropriately added the word "another" to *144 MCL 408.483(1) and that, because plaintiff is "an employee," he is protected under MCL 408.483(1) when, as "the employee" in question, he exercises a right on his own behalf. However, in my judgment, that interpretation ignores the use of the phrase "on the behalf of" as it appears in the context of MCL 408.483(1). In particular, as commonly understood, the word "behalf" means "INTEREST," "BENEFIT," "SUPPORT," or "DEFENSE." Merriam-Webster's Collegiate Dictionary (11th ed.). And, the phrase "on behalf of" means " 'in the name of, on the part of, as the agent or representative of.' " Black's Law Dictionary (10th ed.), p. 184. See also Perkovic v. Zurich American Ins. Co. , 500 Mich. 44, 55, 893 N.W.2d 322 (2017). In other words, while the phrase "another employee" does not appear in MCL 408.483(1), the phrase "on behalf of" plainly acknowledges the existence of an agency or representative relationship in which the employee acts "on behalf of" another , be it an employee or other person. Consequently, unlike the majority, I am persuaded that Reo , 211 Mich.App. at 367, 536 N.W.2d 556, correctly held "that in order to fall within the plain meaning of the above provision an employee must be exercising a right afforded by the act on behalf of another employee or other person."[2]
Aside from the assertion that Reo was incorrect, the majority also suggests that a conflict panel is appropriate because Reo "stands alone in its holding." In this regard, the majority faults Reo for offering *292 "little basis" *145 for rejecting Cockels ,[3] an earlier decision of this Court that considered MCL 408.483(1). However, any reliance on Cockels would be misplaced because Cockels was decided in 1987. Accordingly, unlike Reo , Cockels is not binding precedent, and the Reo Court had no obligation to follow Cockels . MCR 7.215(J)(1). Moreover, while the majority attempts to characterize Reo as an incorrectly decided anomaly, I note that Reo was decided in 1995 and that it has constituted the rule of law on this issue for more than 20 years, during which the Legislature has not seen fit to address this Court's interpretation of MCL 408.483(1). See In re Medina , 317 Mich.App. 219, 232-233 & n. 6, 894 N.W.2d 653 (2016) (considering legislative acquiescence as a factor weighing against calling a conflict panel under MCR 7.215(J)(2) ).
Overall, I am persuaded that Reo was correctly decided, and I see no need for a conflict panel under MCR 7.215(J)(2). Adhering to Reo , I would simply affirm the circuit court's decision.

Defendant paid plaintiff for the hours that he claimed on his time sheet. Accordingly, plaintiff has not filed a complaint seeking payment of unpaid wages under MCL 408.481(1). Instead, plaintiff seeks reinstatement and back pay under MCL 408.483(2) for discharge in violation of MCL 408.483(1).

Under this interpretation, the employee is not unprotected given that an employee has the ability to exercise his or her own rights by filing a complaint for employer violations, MCL 408.481(1), and given that the filing of a complaint as well as instituting and testifying in proceedings under the wage and fringe benefits act are protected under MCL 408.483(1). The final provision in MCL 408.483(1) simply makes plain that in addition to these protections, the employee is protected for exercising such rights on behalf of another.

Cockels v. Int'l Business Expositions, Inc. , 159 Mich.App. 30, 35, 406 N.W.2d 465 (1987).