### MURPHY v SEARS, ROEBUCK & COMPANY

Docket No. 125129. Submitted March 12, 1991, at Grand Rapids.
Decided July 22, 1991, at 9:45 A.M.

Thomas G. Murphy brought an action in the Muskegon Circuit
Court against Sears, Roebuck & Company, alleging breach of
employment contract when Sears failed to grant a promised
wage increase in conjunction with a completed job transfer.
The court, James M. Graves, Jr., J., granted summary disposi-
tion for Sears, ruling that it lacked subject-matter jurisdiction
because the plaintiff had failed to exhaust administrative reme-
dies in the Department of Labor as required by the wages and
fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*
The plaintiff appealed.

The Court of Appeals *held:*

The wages and fringe benefits act provides a cumulative,
rather than an exclusive, remedy for an employee who, like the
plaintiff, exercises the common-law right to seek enforcement of
a contract in a trial court. The trial court in this case erred in
ruling that it lacked jurisdiction.

Reversed.

LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — REMEDIES.

The wages and fringe benefits act provides a remedy that is
cumulative to, rather than exclusive of, an employee's common-
law right to seek enforcement of the wage provisions of a
contract of employment in an action in a trial court; such an
employee need not first file a complaint under the act with the
Department of Labor before filing an action for enforcement of
the contract (MCL 408.471 *et seq.*; MSA 17.277[1] *et seq.*).

*Randall D. Fielstra,* for the plaintiff.

*Dykema Gossett* (by *Charles C. DeWitt, Jr.*), for
the defendant.

REFERENCES

Am Jur 2d, Administrative Law §§ 778, 784; Master and Servant
§ 7.
See the Index to Annotations under Administrative Law; Compen-
sation; Labor and Employment.

Before: SHEPHERD, P.J., and SAWYER and REILLY, JJ.

SHEPHERD, P.J. Plaintiff appeals as of right the trial court's January 2, 1990, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(4) and (8). We reverse.

Plaintiff commenced this action in July 1989, alleging that defendant, his employer, breached its agreement to pay him a particular hourly wage upon his transfer to Central Services. Plaintiff, who was employed as a service technician at $8 an hour, claims that he was notified in writing that effective October 28, 1984, he would be transferred and his wage would be increased to $12.94 an hour. Plaintiff did not receive this increase, but received instead only an increase of 75 cents an hour on the anniversary date of his hire and modest increases thereafter. It appears that plaintiff is still in defendant's employ.

Defendant later moved for summary disposition pursuant to MCR 2.116(C)(4) and (8), alleging that the trial court lacked jurisdiction because plaintiff had failed to exhaust his administrative remedies as provided in the wages and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.* Plaintiff then filed an affidavit in which he stated that in May 1989 he contacted the wage and hour division of the Department of Labor to initiate a complaint against defendant but was informed that the department would not process the complaint because the twelve-month limitation period had expired. Plaintiff then contacted an attorney and instituted the present action. The trial court granted defendant's motion after finding that it lacked jurisdiction because plaintiff "failed to exhaust his administrative remedies in the Michigan Department of Labor." We find, however, that

plaintiff was not required to proceed under the wages and fringe benefits act before instituting this action.

Plaintiff contends on appeal, as he did below, that the language of MCL 408.481(1); MSA 17.277(11)(1), governing pursuit of a claim against one's employer for violation of the act, is permissive and does not require that a complaint be filed with the Department of Labor before proceeding with a lawsuit. That section states in pertinent part:

> An employee who believes that his or her employer has violated this act may file a written complaint with the department within 12 months after the alleged violation.

The act further provides the procedure by which such a complaint is to be processed, the means by which the matter is to be resolved and, if necessary, ultimately appealed.

Judicial construction or interpretation of a statute is precluded where the statute is clear and unambiguous. *Land v George Schmidt Co,* 122 Mich App 167, 170; 333 NW2d 30 (1982). However, if construction is warranted, this Court must determine and give effect to the intention of the Legislature and assign words their ordinary, normally accepted meaning. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). When determining legislative intent, statutory language should be given a reasonable construction considering its purpose and the object sought to be accomplished. *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990).

Consistent with these rules, courts give the ordinary and accepted meaning to the word "shall,"

which designates a mandatory provision, and the permissive word "may," unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole. *Browder v Int'l Fidelity Ins Co,* 413 Mich 603, 612; 321 NW2d 668 (1982). While some federal courts have interpreted the act's preamble as evincing legislative intent that the word "may" as used in MCL 408.481(1); MSA 17.277(11)(1) should be construed as mandatory, see e.g., *Duncan v Rolm Mil-Spec Computers,* 917 F2d 261 (CA 6, 1990), we find no language indicating such an intent, at least where, as here, the employee's grievance is premised on a common-law action for breach of contract. Language in the preamble that the act was intended to, among other things, "provide for the settlement of disputes regarding wages and fringe benefits" indicates nothing more than a desire to facilitate expeditious and less costly dispute resolution.

*Cockels v Int'l Business Expositions, Inc,* 159 Mich App 30; 406 NW2d 465 (1987), relied upon by defendant, and such cases as *Duncan, supra,* requires no different result. In *Cockels,* the plaintiff had demanded payment of earned commissions and then sought redress for a discharge that she alleged was in retaliation for her filing of a complaint under the act. The act made it unlawful to discharge an employee because the employee filed a complaint or exercised a right under the act. In finding that the wages and fringe benefits act provided the plaintiff's exclusive remedy, the *Cockels* Court merely reaffirmed the general rule in Michigan that where a new right is created or a new duty imposed by statute, as was the case in *Cockels,* the remedy provided for enforcement of that right by the statute for its violation or nonperformance is exclusive. See *Pompey v General*

*Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971).

Correlatively, a statutory remedy for enforcement of a common-law right is deemed only cumulative. *Id.,* pp 552-553. MCL 408.481(1); MSA 17.277(11)(1) was such a remedy for the instant plaintiff. Seeking, as he did, enforcement of a contract, a common-law right, the remedy afforded to plaintiff by the statute was cumulative, not exclusive. While we do find that once an employee chooses to pursue the administrative remedy, that remedy must be utilized exclusively, including an appeal to the circuit court, we do not find that the instant plaintiff was required to file a complaint with the Department of Labor before commencing the present action. Therefore, the trial court was not without jurisdiction over this matter, and erred in granting defendant's motion.

Reversed.