CORK v APPLEBEE'S OF MICHIGAN, INC

Docket No. 206868. Submitted March 4, 1999, at Detroit. Decided January 7, 2000, at 9:15 A.M. Leave to appeal sought.

Phaedra L. Cork and others brought an action in the Wayne Circuit Court against Applebee's of Michigan, Inc., alleging violations of the wages and fringe benefits act (WFBA), MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*, violations of public policy based on MCL 750.351; MSA 28.583, conversion, unjust enrichment, and breach of contract. The action was based on a policy of tip-sharing implemented in the defendant's restaurant whereby the plaintiffs, servers in the restaurant, in order to maintain employment, were allegedly required to make cash payments to bartenders and other employees at the end of each shift. The plaintiffs sought to certify the lawsuit as a class action. The court, Marianne O. Battani, J., granted the defendant's motion to dismiss, finding that the court lacked jurisdiction because the plaintiffs failed to exhaust their administrative remedies under the WFBA. The plaintiffs appealed.

The Court of Appeals *held*:

1. Tips are included in the definition of wages in the WFBA. The WFBA precludes an employer from demanding or receiving, directly or indirectly from an employee, a fee, gift, tip, gratuity, or other remuneration or consideration as a condition of employment or continuation of employment. An employee may file a complaint with the Department of Labor if the employee believes the employer has violated the WFBA. The WFBA requires a plaintiff to seek redress for violations of the act through the Department of Labor before seeking a remedy in the circuit court. The court correctly dismissed the claim stemming from the WFBA because of the plaintiffs' failure to exhaust their administrative remedies.

2. The claim of a public policy violation based on MCL 750.351; MSA 28.583 was properly dismissed because the statute is, in effect, identical to subsection 8(1) of the WFBA, MCL 408.478(1); MSA 17.277(8)(1), and the WFBA provides the exclusive remedy for that alleged violation.

3. The court erred in dismissing the claims for conversion, unjust enrichment, and breach of contract. The WFBA's remedy is cumula-

tive, rather than exclusive, where enforcement of common-law rights is sought. Therefore, those claims were properly before the trial court. This part of the court's order must be reversed and the matter must be remanded for consideration of those claims.

4. A cause of action that cannot be pursued individually cannot be pursued in a class. Therefore, there is no merit to the plaintiffs' argument that because they were seeking to represent a class, and the WFBA does not contemplate class actions, any exclusivity requirement would have no application to this action.

Affirmed in part, reversed in part, and remanded.

1. Labor Relations — Wages and Fringe Benefits Act — Words and Phrases — Wages — Tips.

The wages and fringe benefits act includes tips received by servers in a restaurant within the act's definition of wages; the act precludes an employer from demanding or receiving, directly or indirectly from an employee, a fee, gift, tip, gratuity, or other remuneration or consideration as a condition of employment or continuation of employment (MCL 408.471[f], 408.478[1]; MSA 17.277[1][f], 17.277[8][1]).

2. Labor Relations — Administrative Law — Wages and Fringe Benefits Act — Remedies.

An employee that believes the employer has violated the wages and fringe benefits act may file a complaint with the Department of Labor; the act requires the employee to seek redress for alleged violations of the act through the administrative remedies of the Department of Labor before pursuing a remedy for such violations in the circuit court (MCL 408.481[1]; MSA 17.277[11][1]).

3. Labor Relations — Wages and Fringe Benefits Act — Remedies — Common-Law Rights — Administrative Law — Exhaustion of Remedies.

The wages and fringe benefits act provides a remedy that is cumulative to, rather than exclusive of, an employee's common-law employment rights; an employee who premises part of a claim against the employer on the common law and part on the wages and fringe benefits act is not required to exhaust the administrative remedies outlined in the wages and fringe benefits act before pursuing a remedy in the circuit court with regard to the part of the claim premised on the common law (MCL 408.471 *et seq.*; MSA 17.277[1] *et seq.*).

*Denis D. Walterreit,* for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendant.

Before: NEFF, P.J., and KELLY and HOOD, JJ.

KELLY, J. Plaintiffs appeal as of right the trial court's order of September 23, 1997, granting defendant's motion to dismiss pursuant to MCR 2.116(C)(4) and (8) on the basis that plaintiffs failed to exhaust their administrative remedies. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs were employed by defendant as servers in defendant's restaurant. They alleged that defendant had a policy of "tip-sharing" implemented in the restaurant whereby plaintiffs, in order to maintain employment, were required to make cash payments to bartenders and other employees at the end of each shift. Plaintiffs claim that defendant benefited directly from the tip-sharing policy by allowing defendant to pay the bartenders and other employees less while shifting the burden to pay wages onto plaintiffs.

In their complaint, plaintiffs alleged violations of the wages and fringe benefits act (WFBA), MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*, violations of public policy based on MCL 750.351; MSA 28.583, conversion, unjust enrichment, and breach of contract. In addition to a general denial of liability, defendant asserted an affirmative defense that plaintiffs' claims were barred for failing to exhaust their administrative remedies. Specifically, defendant asserted that MCL 408.481(1); MSA 17.277(11)(1) required plaintiffs to file their claim with the Department of Labor.

On May 6, 1996, the trial court entered a stay of proceedings pending the resolution of a similar case

in this Court.[1] Further, the court ordered that the stay would not extend beyond June 30, 1997. On July 2, 1997, defendant filed its motion to dismiss, claiming plaintiffs had failed to exhaust their administrative remedies before commencing the instant lawsuit. On July 25, 1997, the stay was lifted by order of the trial court.

On August, 13, 1997, plaintiffs filed a motion to certify the instant lawsuit as a class action wherein plaintiffs alleged that as many as four hundred former and current employees had been adversely affected by defendant's policy. Defendant responded by claiming that the tip-sharing policy had been eliminated in 1995, and that participation in the policy by employees was voluntary.

On September 12, 1997, the trial court granted defendant's motion to dismiss, finding that the court lacked jurisdiction because plaintiffs failed to exhaust their administrative remedies pursuant to the WFBA. In adopting a prior ruling of the Wayne Circuit Court (see n 1, *supra*), the trial court stated, in part:

> [Y]our client did not exhaust his or her administrative remedies.
>
> Once you do that, then you have the next issue, then you have class on appeal, and I will deal with that. But right now, you need to have—plaintiff has to exhaust their administrative remedies.
>
> So I think that is the same ruling of Judge Giovan, ruled and the Court will adopt that ruling and proceed to consolidate this case.
>
> \*     \*     \*

---

[1] *Birmingham v Paragon of Michigan, Inc*, unpublished opinion per curium of the Court of Appeals, issued March 24, 1998 (Docket No. 197285).

[W]hen I read the Motion on the Failure to Exhaust Administrative Remedies, it was very clear to me that there had not been an exhaustion of administrative remedies, and I'm granting defendant's motion, to be dismissed. The case is being dismissed.

The Court is automatically dismissing not on its merit, but because the case is closed, Motion for Certification of Class.

On appeal, plaintiffs claim the trial court erred in granting defendant's motion to dismiss for failing to exhaust their administrative remedies, regardless of plaintiffs' other claims based on common-law causes of action. We agree in part.

Defendant's motion to dismiss was brought under MCR 2.116(C)(4) and (8). We review a grant or denial of a motion to dismiss de novo. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993). When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. *Steele v Dep't of Corrections*, 215 Mich App 710, 712; 546 NW2d 725 (1996). Dismissal may be granted pursuant to MCR 2.116(C)(8) on the ground that the opposing party "has failed to state a claim on which relief can be granted." *Radtke v Everett*, 442 Mich 368, 373; 501 NW2d 155 (1993). All factual allegations are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Id.* The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Wade v Dep't of Corrections*, 439 Mich 158,

163; 483 NW2d 26 (1992). In addition, statutory interpretation is a question law that this Court reviews de novo. *American Medical Security, Inc v Allstate Ins Co*, 235 Mich App 301, 303; 597 NW2d 244 (1999).

The issue is whether the exclusive remedies portion of the WFBA supersedes plaintiffs' claims for violation of public policy based on MCL 750.351; MSA 28.583, conversion, unjust enrichment, and breach of contract. Additionally, we must determine whether the language in the WFBA regarding administrative remedies is permissive or mandatory, which requires an analysis of the WFBA itself.

The preamble to the WFBA states:

> An act to regulate the time and manner of payment of wages and fringe benefits to employees; to prescribe rights and responsibilities of employers and employees, and the powers and duties of the department of labor; to require keeping of records; to provide for settlement of disputes regarding wages and fringe benefits; to prohibit certain practices by employers; to prescribe penalties and remedies; and to repeal certain acts and parts of acts.

The WFBA defines wages as "all earnings of an employee whether determined on the basis of time, task, piece, commission, or other method of calculation for labor or services except those defined as fringe benefits under subdivision (e) above." MCL 408.471(f); MSA 17.277(1)(f). The clear language of this section indicates to this Court that tips are included in the definition of wages. The WFBA precludes an employer from "demand[ing] or receiv[ing], directly or indirectly from an employee, a fee, gift, tip, gratuity, or other remuneration or consideration, as a condition of employment or continuation of employment." MCL 408.478(1); MSA 17.277(8)(1). If an

employee believes his employer has violated the WFBA, he may file a complaint with the Department of Labor. MCL 408.481(1); MSA 17.277(11)(1).[2]

In the instant case, plaintiffs alleged in their complaint that defendant's actions were in violation of the WFBA. Plaintiffs did not seek relief through the administrative remedies of the Department of Labor as expressed in the act. In *Cockles v Int'l Business Expositions, Inc*, 159 Mich App 30, 35; 406 NW2d 465 (1987), this Court determined that while the plaintiff did not expressly allege a violation of the act, the clear implication of the pleadings indicated that the plaintiff, indeed, was alleging such a violation. Therefore, this Court found the plaintiff to be without recourse in the trial court because the plaintiff did not exhaust her administrative remedies. *Id.* at 36. The Court found that the act *required* a plaintiff to seek redress through the Department of Labor before pursuing a remedy in the circuit court. *Id.* The *Cockles* Court did not make a determination whether a separate common-law claim filed in conjunction with this statutory claim would need to be resolved through the administrative remedies provision of the WFBA.

In *Murphy v Sears, Roebuck & Co*, 190 Mich App 384; 476 NW2d 639 (1991), this Court addressed a sit-

---

[2] MCL 408.481(1); MSA 17.277(11)(1) states in full:

An employee who believes that his or her employer has violated this act may file a written complaint with the department within 12 months after the alleged violation. A complaint filed under section 13(2) shall be filed within 30 days after the alleged violation occurs. Bilingual complaint forms shall be provided by the department in those areas where substantial numbers of non-English speaking employees are employed.

uation wherein a plaintiff alleged a common-law breach of contract claim for a defendant's failure to provide a raise to the plaintiff. This Court determined that where the claim is premised on the common law, the intent of the Legislature was not to *require* a claimant to exhaust the administrative remedies outlined in the WFBA. *Id.* at 387. Further, the Court noted that where a plaintiff seeks enforcement of a common-law right, such as a breach of contract claim, the statutory remedy is cumulative, not exclusive. *Id.* at 388.

In the instant case, plaintiffs have alleged violations of both statutory law and the common law. The circuit court dismissed plaintiffs' complaint in full believing that the WFBA required plaintiffs to exhaust their administrative remedies before proceeding in the circuit court. In light of *Cockles* and *Murphy*, we find the circuit court was correct in dismissing the claim stemming from the WFBA because of plaintiffs' failure to exhaust their administrative remedies. Further, plaintiffs' claim of a public policy violation pursuant to MCL 750.351; MSA 28.583 was properly dismissed because that statute is, in effect, identical to subsection 8(1) of the WFBA, MCL 408.478(1); MSA 17.277(8)(1), and, consistent with *Murphy*, the WFBA provides the exclusive remedy for that alleged violation. However, the trial court erred in dismissing plaintiffs' claims for conversion, unjust enrichment, and breach of contract. Because plaintiffs were seeking enforcement of common-law rights, the WFBA's remedy is cumulative. *Murphy, supra* at 388. Therefore, such claims were properly before the trial court. In light of the trial court's refusal to make relevant findings with regard to these common-law claims, we

have nothing to review. We remand for determination by the trial court.

Further, this Court sees no merit in plaintiffs' alternative argument that because they were seeking to represent a class, and the WFBA does not contemplate class actions but refers to individual remedies only, any exclusivity requirement would have no application to this action. We conclude that plaintiffs' reasoning violates the general rule that one may not pursue a cause of action in a class that one could not pursue individually. *Stutelberg v Practical Management Co*, 70 Mich App 325, 341; 245 NW2d 737 (1976).

In conclusion, we affirm the dismissal of plaintiffs' claims of alleged violations of MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.* and MCL 750.351; MSA 28.583. We reverse the dismissal of plaintiffs' claims for conversion, unjust enrichment, and breach of contract. We do not retain jurisdiction because the common-law claims are discrete.

Affirmed in part, reversed in part, and remanded for further proceedings.