LANTZ v SOUTHFIELD CITY CLERK

Docket No. 225531. Submitted February 6, 2001, at Detroit. Decided May 8, 2001, at 9:00 A.M. Leave to appeal denied, 465 Mich ___.

Sidney Lantz, a candidate for a seat on the city council for the city of Southfield in the November 2, 1999, election, brought an action in the Oakland Circuit Court against Nancy Banks, in her capacity as the clerk of the city of Southfield, alleging that there were 180 absentee ballots for the city council race that had been postmarked before the close of the polls on election day but had not been counted and seeking a writ quo warranto and mandamus compelling the defendant to produce all uncounted ballots, to count all ballots postmarked before the close of the polls on election day, and to amend the election results accordingly. The plaintiff further alleged that the defendant failed to "call for and receive" ballots from the Southfield Post Office in time to deliver them to the board of election inspectors before the polls closed on election day. The defendant submitted affidavits establishing that on election day a representative of the city of Southfield had picked up the mail, including absentee ballots, from the Southfield Post Office at 8:00 a.m., that the postmaster had directed the supervisor in charge of mail processing to advise the postmaster if any first-class mail or absentee ballots were in the afternoon delivery of mail to the post office, that there were no absentee ballots in the afternoon delivery, and that even if the defendant had called the post office between the 8:00 a.m. mail pick-up and the time the polls closed, there would not have been any more absentee ballots that the defendant could have received. The court, Nanci J. Grant, J., summarily dismissed the plaintiff's complaint following a show cause hearing, holding that it was the time of the receipt by the clerk, rather than the postmark, that controlled whether an absentee ballot was timely. The court also denied the plaintiff's motion to produce for inspection all the absentee ballots. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 168.764a provides that a ballot of an absentee voter must reach the clerk or the clerk's assistant before the close of the polls on election day and that any absentee ballot received after the polls are closed on election day will not be counted. It was uncon-

troverted that there were no other absentee ballots received by the post office on the election day after the morning mail pick-up, and the plaintiff did not claim that the defendant failed to deliver any absentee ballots that had been received from the post office on election day. The trial court correctly determined that, for the purpose of § 764a, the postmark was irrelevant and that only those absentee ballots in the defendant's possession before the close of the polls were eligible to be counted.

2. MCL 168.765(3) provides that a city clerk or an authorized designee "shall call for and receive absent voter ballots from the post office" from which the city receives its mail on an election day in sufficient time to deliver the ballots to the election inspectors before the close of the polls. Although the defendant or a designee did not "call for" absentee ballots from the post office after the 8:00 a.m. pick-up, it is uncontroverted that no ballots other than those in the 8:00 a.m. pick-up were available at the post office on election day. Accordingly, any failure on the part of the defendant to call for absentee ballots is inapposite, because there were no ballots at the post office that the defendant could receive.

3. Because only those ballots that were received by the defendant by the time of the close of the polls on election day could, by statute, be counted, the trial court did not abuse its discretion in denying the plaintiff's motion for the production of all the absentee ballots. The ballots received after the close of the polls on election day were irrelevant to the outcome of the election and, accordingly, irrelevant to the proceedings before the court.

Affirmed.

1. ELECTIONS — ABSENTEE BALLOTS — BALLOTS ELIGIBLE FOR COUNTING — POSTMARKS.

    Only those absentee ballots that reach a city clerk or a designated assistant of such clerk before the close of the polls on an election day may be counted; absentee ballots that are postmarked on or before an election day but are not received by the clerk before the close of the polls on the election day may not be counted (MCL 168.764a).

2. ELECTIONS — ABSENTEE BALLOTS — CITY CLERKS — FAILURE TO CALL FOR BALLOTS.

    The failure of a city clerk or the clerk's designee to satisfy the statutory mandate to "call for" absentee ballots at the post office on election day does not require the invalidation of the election results where it is uncontroverted that there were no absentee ballots at the post office that the clerk or a designee could receive on election day (MCL 168.765[3]).

*Stephen P. Korn*, for the plaintiff.

*Secrest, Wardle, Lynch, Hampton, Truex & Morley* (by *Gerald A. Fisher*), for the defendant.

Before: HOOD, P.J., and DOCTOROFF and K. F. KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order summarily dismissing[1] his challenge to the November 2, 1999, election for Southfield City Council and the trial court's denial of his motion for production of certain absentee ballots. We affirm.

I. BASIC STATEMENT OF FACTS AND PROCEDURAL HISTORY

On November 2, 1999, an election was conducted for the Southfield City Council. According to the rules of the election, there would be four candidates elected to office. The three candidates receiving the highest number of votes would be elected to serve four-year terms and the fourth candidate would serve a two-year term. Plaintiff finished fourth, receiving seventy fewer votes than the third-place finisher. As such, plaintiff was elected to serve for two years.

Plaintiff filed a complaint alleging that 180 absentee ballots postmarked before the close of the election were not counted, that additional ballots were unaccounted for, and that the integrity of the electoral process was thereby compromised. Plaintiff further alleged that defendant failed to "call for and receive"

[1] The order dismissing plaintiff's complaint does not indicate whether it was decided pursuant to MCR 2.116(C)(10) (no genuine issue as to any material fact) or MCR 2.116(C)(8) (failure to state a claim). Because the trial court considered documentary evidence submitted beyond the pleadings, we surmise that the trial court dismissed plaintiff's claim on the authority of MCR 2.116(C)(10). We review the trial court's decision accordingly.

absentee ballots from the Southfield Post Office in time to deliver them to the board of election inspectors before the polls closed on election day in violation of MCL 168.765(3). Plaintiff sought a writ quo warranto and mandamus compelling defendant to produce all uncounted ballots (particularly the absentee ballots), count all ballots postmarked before the close of the polls on election day, and amend the election results accordingly.

The trial court granted plaintiff special leave to bring his action quo warranto. In addition, the trial court ordered defendant to show cause why she should not be compelled to produce all ballots not counted on election day, count all absentee ballots postmarked on or before election day, and amend the election results in accord with the new count.

At the show cause hearing, defendant submitted three separate affidavits establishing that on election day: (1) a representative from the city of Southfield picked up the mail, which included absentee ballots, from the Southfield Post Office at approximately 8:00 A.M.;[2] (2) the deputy clerk received the ballots from this mail run at approximately 8:30 A.M.; (3) the postmaster directed the supervisor in charge of mail processing in Southfield to advise the postmaster if any ballots or first-class mail were available from the 1:30 P.M. delivery; (4) no absentee ballots were available from the 1:30 P.M. delivery time; and (5) even if the Southfield City Clerk telephoned the post office between the 8:00 A.M. post office pick-up and before

---

[2] The affidavits also established that ballots are delivered by first-class mail. At the Southfield Post Office, mail is delivered three times during the day: 5:30 A.M., 7:30 A.M., and 1:30 P.M. The morning deliveries account for the principal source of first-class mail prepared for pick-up. The afternoon delivery is much smaller and typically does not include any first-class mailings.

the polls closed, there would not have been any absentee ballots for the city to receive. The plaintiff did not contest the statements contained in these sworn affidavits, instead arguing that the postmark controlled the absentee ballots' eligibility to be counted. The trial court held that the receipt by the clerk of the actual ballot, rather than the postmark, controlled, and dismissed plaintiff's complaint in its entirety.

## II. STANDARD OF REVIEW

A trial court's grant or denial of summary dismissal is reviewed de novo by this Court. *Cork v Applebees of Michigan, Inc*, 239 Mich App 311, 315; 608 NW2d 62 (2000). When reviewing a trial court's grant of summary disposition pursuant to MCR 2.116(C)(10), this Court must consider the lower court record, including all pleadings, affidavits, depositions, admissions, and other documentary evidence submitted, in a light most favorable to the nonmoving party. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 75-76; 597 NW2d 517 (1999). Pursuant to the dictates of MCR 2.116(C)(10), where the evidence establishes that there is no genuine issue concerning any material fact, the moving party is entitled to judgment as a matter of law, and the trial court may summarily dismiss the plaintiff's cause of action. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999).

## III. PLAINTIFF'S CONTENTIONS

### A. BALLOTS POSTMARKED ON OR BEFORE ELECTION DAY

Plaintiff first contends that any ballot postmarked on or before the close of the polls on election day must be counted and defendant's failure to do so ren-

dered the election invalid. Plaintiff's position is without merit.

The absentee ballot provisions of Michigan election law are specific. MCL 168.764b(1) provides that "an absent voter ballot shall be delivered to the clerk only as authorized in the instructions for an absent voter provided in Section 764a." MCL 168.764a provides in relevant part:

> The ballot must reach the clerk or an authorized assistant of the clerk before the close of the polls on election day. *An absent voter ballot received by the clerk or assistant of the clerk after the close of the polls on election day will not be counted.* [Emphasis added.]

The clear language of these statutes indicates that actual receipt of an absentee ballot is paramount. To "receive" the absentee voter ballots presupposes that they are physically in the possession of the clerk or an authorized assistant. If an absentee voter ballot does not reach either of these individuals before the close of the polls on election day, the ballot cannot be counted irrespective of the date displayed in the postmark. By suggesting that the date contained in the postmark should govern, plaintiff ignores the plain language of the statute and attempts to create an ambiguity where none exists. The statute at issue is clear and unequivocal thus, " ' "[l]eav[ing] no room for judicial construction." ' " *People v McIntire,* 461 Mich 147, 153; 599 NW2d 102 (1999) (citation omitted). The role of the judiciary is to apply the terms of the statute as enacted by the Legislature lest "a court . . . impermissibly substitute its own policy preferences." *Id.*

In the case at bar, the uncontroverted evidence established that on November 2, 1999, after a repre-

sentative from the city picked up the regular morning mail, there were no additional ballots to pick up before the polls closed at 8:00 P.M. The evidence further established that if the post office had received additional ballots after the regular morning pick-up, the postmaster would have telephoned the city clerk and made arrangements to deliver the ballots received. Accordingly, the evidence established that defendant received all the ballots from the post office on election day. Plaintiff conceded these facts. When presented with documentary evidence, plaintiff is not entitled to rely on the bald allegations in the pleadings alone but, rather, must come forth with some documentary evidence to demonstrate a genuine factual issue for the court to resolve.[3] Plaintiff failed to do so. Because plaintiff does not claim that the city clerk failed to "deliver" the absentee ballots "received" from the post office to the election inspectors before the polls closed, there is no genuine issue concerning any material fact and summary disposition in favor of defendant was therefore warranted.[4]

---

[3] See *Michigan State AFL-CIO v Civil Service Comm*, 191 Mich App 535, 546; 478 NW2d 722 (1991) (stating that a motion pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a claim and dismissal is appropriate where the party opposing the motion "rest[s] upon the mere allegations or denials in [the] pleadings"). In the case at bar, the February 9, 1999, hearing was not a motion for summary disposition brought by defendant, but was rather a show cause hearing regarding plaintiff's complaint. Nevertheless, plaintiff is still required to demonstrate a genuine factual dispute justifying a trial.

[4] Plaintiff states that "[i]n the absence of discovery Plaintiff/Appellant believes that all the ballots in dispute are in the hands of the Southfield City Clerk, and were in the hands of the Southfield City Clerk on and before the close of the polls . . . ." Plaintiff did not make this allegation during the hearing on February 9, 1999, but instead raises it for the first time on appeal. Issues raised for the first time on appeal are not properly preserved and, thus, "[n]ot subject to review" save for "exceptional circumstances." On the record here before us, we do not discern any

The statutes specifically provide a deadline for absentee ballots based on the physical receipt of the ballots. The trial court correctly determined that a postmark, standing alone, is irrelevant and that only those ballots in defendant's possession before the close of the polls were eligible to be counted.

### B. THE REQUIREMENT TO "CALL FOR AND RECEIVE" BALLOTS

MCL 168.765(3) states in relevant part:

> The city . . . clerk, or authorized designee of the clerk *shall call for and receive absent voter ballots from the post office* at which the city . . . clerk regularly receives mail addressed to the city . . . on election day in sufficient time to deliver any envelopes containing absent voter ballots to the board of election inspectors before the close of the polls. [Emphasis added.]

Plaintiff argues that the defendant had an affirmative duty to "call for and receive" absentee voter ballots from the post office in sufficient time to deliver them to the board of election inspectors before the polls closed and that she failed to do so. Although defendant did not "call for" absentee voter ballots from the post office, the uncontested evidence adduced at the hearing established that after the 8:00 A.M. morning mail pick-up, no other absentee ballots came into the post office for delivery to the city clerk. Moreover, the evidence established that if indeed absentee voter ballots were received at the post

---

"extraordinary circumstances" requiring us to abandon this cardinal rule. See *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 234, n 23; 507 NW2d 422 (1993) (noting that the Court "has repeatedly declined to consider arguments not presented at a lower level; including those relating to constitutional claims").

office in the afternoon mail delivery on November 2,
1999, the post office would have called the city to
"[a]scertain where [the ballots] should be delivered."
The defendant's failure to "call for" the absentee bal-
lots is inapposite because the evidence presented
definitively established that there were no ballots to
deliver. Accordingly, there was no genuine issue of
material fact precluding the granting of summary
disposition.

### C. PRODUCTION OF BALLOTS

Plaintiff finally argues that the trial court erred in
denying plaintiff's motion to produce for inspection
all the absentee ballots for the contested election. A
trial court's decision to deny discovery will not be
overturned absent an abuse of discretion. *Baker v
Oakwood Hosp Corp*, 239 Mich App 461, 478; 608
NW2d 823 (2000).

In the case at bar, the trial court did not abuse its
discretion by denying plaintiff's discovery requests.
Plaintiff does not allege or otherwise argue that the
uncounted absentee ballots requested actually
reached the city clerk's office before the polls closed
on election day but were not delivered to the board
of election inspectors for counting. In fact, plaintiff
submits that absentee ballots postmarked on or
before November 2, 1999, should be counted regard-
less of when the city clerk actually receives them.
Plaintiff's position flies in the face of the clear and
unambiguous language employed in the statutes and
the uncontested facts adduced at the February 9,
1999, hearing. The information sought by plaintiff in
discovery is not even marginally relevant considering
the applicable law discussed herein. Accordingly, the

trial court did not commit error requiring reversal by denying plaintiff's request for discovery.

Affirmed.