HOLMAN v RASAK

Docket No. 279879. Submitted November 13, 2008, at Detroit. Decided
    November 18, 2008, at 9:05 a.m. Leave to appeal sought.

Andrea L. Holman, as personal representative of the estate of Linda
    Clippert, deceased, brought a wrongful-death medical-malpractice
    action in the Oakland Circuit Court against Mark Rasak, D.O. The
    defendant moved for a qualified protective order allowing him to
    conduct an ex parte interview with the decedent's treating physi-
    cian. The court, John J. McDonald, J., denied the motion, ruling
    that the provision of the Health Insurance Portability and Ac-
    countability Act (HIPAA), 42 USC 1320d, relating to a protective
    order pertains to documentary evidence only and that HIPAA does
    not authorize ex parte oral interviews. The defendant appealed by
    leave granted.

    The Court of Appeals *held*:

    If, as in this case, written consent or an agreement for the
    disclosure of confidential health information is not provided, a
    treating physician may only disclose such information under
    conditions set out in HIPAA regulations, one of which, 45 CFR
    164.512(e)(1), provides for qualified protective orders. If a quali-
    fied protective order consistent with 45 CFR 164.512(e)(1) is in
    place, an ex parte discussion with the health provider may take
    place.

    Reversed and remanded

HEALTH — HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT — MEDICAL
    MALPRACTICE — PROTECTIVE ORDERS — EX PARTE INTERVIEW WITH
    HEALTH-CARE PROVIDERS.

    A medical-malpractice defendant may conduct an ex parte interview
    with the plaintiff's or decedent's treating physician if a qualified
    protective order consistent with a federal regulation concerning
    the Health Insurance Portability and Accountability Act is in force
    (42 USC 1320d *et seq.*; 45 CFR 164.512[e][1]).

*Blum Konheim Elkin & Ceglarek* (by *Joseph L. Konheim* and *Stephanie L. Arndt*) for the plaintiff.

*O'Connor, DeGrazia, Tamm & O'Conner, P.C.* (by *Julie McCann O'Connor* and *Donald K. Warwick*), for the defendant.

Before: JANSEN, P.J., and O'CONNELL and OWENS, JJ.

PER CURIAM. In this medical-malpractice action, defendant appeals by leave granted the circuit court's order denying his motion for a qualified protective order to allow him to conduct an ex parte interview with the decedent's treating physician. We reverse and remand.

Plaintiff filed this wrongful-death medical-malpractice action alleging that defendant had failed to properly diagnose or treat plaintiff's decedent, Linda Clippert, thereby proximately causing her death. Defendant sought to interview Clippert's treating physician, but plaintiff refused to waive Clippert's confidentiality rights under the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq.* Plaintiff signed a waiver allowing the release of medical records, but refused to provide a release for oral communications. Defendant moved for a qualified protective order to permit an ex parte interview with Clippert's treating physician, but the circuit court denied the motion. The court concluded that "the HIPAA provision relative to a protective order only . . . pertains to documentary evidence" and "that HIPAA does not authorize ex parte oral interviews."

A circuit court's decision on a discovery motion is reviewed for an abuse of discretion. *Lantz v Southfield City Clerk*, 245 Mich App 621, 629; 628 NW2d 583 (2001). However, an issue of statutory interpretation is reviewed de novo as a question of law. *Rakestraw v Gen Dynamics Land Systems, Inc*, 469 Mich 220, 224; 666

NW2d 199 (2003). Although the decisions of lower federal courts are not binding on Michigan state courts, *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004), we are free to adopt their analysis if it is persuasive and instructive, *Cowles v Bank West*, 476 Mich 1, 33-34; 719 NW2d 94 (2006).

HIPAA regulates the retention, use, and transfer of patient information by health-care providers. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 699; 736 NW2d 594 (2007); see also *Bayne v Provost*, 359 F Supp 2d 234, 236 (ND NY, 2005). HIPAA "authorizes regulations governing confidential patient information." *In re Petition of Attorney General*, *supra* at 699. "Under this authority, regulations have been promulgated establishing procedures for the uses and disclosure of such information." *Id*. These regulations make clear that HIPAA applies to both oral and written information. 45 CFR 160.103 (providing that "[h]ealth information means any information, whether oral or recorded in any form or medium"). HIPAA does not prohibit all ex parte communications with an adverse party's treating physician. *Law v Zuckerman*, 307 F Supp 2d 705, 708 (D Md, 2004). "However, HIPAA clearly regulates the methods by which a physician may release a patient's health information, including 'oral' medical records." *Id*.

In Michigan, it was well established before the enactment of HIPAA that the filing of a lawsuit for personal injury or malpractice generally waived the statutory physician-patient privilege with respect to any injury, disease, or condition at issue in the lawsuit, MCL 600.2157, and that a defendant was permitted to meet ex parte with the injured party's treating physician as part of discovery, see *Domako v Rowe*, 438 Mich 347, 361-362; 475 NW2d 30 (1991).

Under HIPAA, however, the filing of a lawsuit does not waive the confidentiality of health information, and unless the patient gives written consent or enters into an agreement, see 45 CFR 164.508; 45 CFR 164.510, the patient's physician may only disclose confidential health information under limited conditions. As observed in *Law, supra* at 711:

> HIPAA outlines the steps to follow in order to obtain protected health information during a judicial proceeding in 45 CFR 164.512(e). There are three ways. First, counsel may obtain a court order which allows the health care provider to disclose "only the protected health information expressly authorized by such order." 45 CFR 164.512(e)(1)(i). In the absence of a court order, [45 CFR] 164.512(e)(1)(ii)(A) and (B) provide two additional methods available when used in conjunction with more traditional means of discovery.

Specifically, 45 CFR 164.512(e) provides in pertinent part:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

* * *

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

(vi) Notwithstanding paragraph (e)(1)(ii) of this section, a covered entity may disclose protected health information in response to lawful process described in paragraph (e)(1)(ii) of this section without receiving satisfactory assurance under paragraph (e)(1)(ii)(A) or (B) of this section, if the covered entity makes reasonable efforts to provide notice to the individual sufficient to meet the requirements of paragraph (e)(1)(iii) of this section or to seek a qualified protective order sufficient to meet the requirements of paragraph (e)(1)(iv) of this section.

(2) Other uses and disclosures under this section. The provisions of this paragraph do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information.

We agree with plaintiff that HIPAA supersedes Michigan law to the extent that its protections and

requirements are more stringent than those provided by state law. See *Law*, *supra* at 711. Thus, if written consent or an agreement for the disclosure of confidential health information is not provided, a treating physician may only disclose such information under conditions set out in the HIPAA regulations, one of which provides for qualified protective orders.

But we disagree with the circuit court's determination that a defendant's ex parte interview with a treating physician may not be the subject of a qualified protective order under HIPAA. While 45 CFR 164.512(e)(1)(ii) does not specifically address oral communications, neither does it exclude oral or spoken information from the regulations governing disclosure of protected health information. As our Supreme Court observed in *Domako*, *supra* at 362, where rules are not meant to be exhaustive, "the omission of oral interviews does not mean that they are prohibited." In fact, 45 CFR 160.103 specifically provides that HIPAA applies to both oral and written information, and 45 CFR 164.512(e)(2) makes clear that the regulations concerning qualified protective orders "do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information." Thus, as the federal district court determined in *Bayne*, *supra* at 241, "if a qualified protective order, consistent with [45 CFR 164.512(e)], was in place then an *ex parte* discussion with the health provider would be appropriate."

Plaintiff argues that it should be sufficient for defendant to rely on written medical records or to depose Clippert's physicians if more information is desired. However, as our Supreme Court observed in *Domako*, *supra* at 360, it is "routine practice . . . to talk with each witness before trial to learn what the witness knows

about the case and what testimony the witness is likely to give" and "[t]here is no justification for requiring costly depositions . . . without knowing in advance that the testimony will be useful." *Id.* at 361.

The circuit court erroneously concluded that oral interviews cannot be the subject of qualified protective orders under HIPAA. Quite simply, defendants may conduct an ex parte oral interview with Clippert's physician if a qualified protective order, consistent with 45 CFR 164.512(e)(1), is first put in place. *Bayne, supra* at 241. We reverse the circuit court's decision and remand this case for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.