*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATERI KILPATRICK, formerly known as
KATERI LEHR,

        Plaintiff/Counterdefendant-Appellant,

v

LANSING COMMUNITY COLLEGE,

        Defendant/Counterplaintiff-Appellee.

FOR PUBLICATION
August 22, 2023
9:10 a.m.

No. 361300
Ingham Circuit Court
LC No. 21-000650-CZ

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

SWARTZLE, J.

Arbitrators lack jurisdiction over claims to which our Legislature has granted exclusive jurisdiction to administrative agencies. Because the Wages and Fringe Benefits Act (WFBA), MCL 408.471 *et seq*, grants exclusive jurisdiction to the Department of Labor for all WFBA claims, the arbitrator in this case was without jurisdiction to consider plaintiff's WFBA claim. Additionally, with respect to the claims properly before the arbitrator, although the arbitrator made several errors of law, correcting them would not substantially change the award in this case. Accordingly, we affirm.

## I. BACKGROUND

Plaintiff was employed as the Director of Information Technology Project Management by defendant, and they entered into an employment agreement which stated that plaintiff was an at-will employee entitled to severance benefits if defendant terminated her employment without cause. The employment agreement also provided that arbitration was the exclusive remedy to disputes concerning her employment.

While she was employed, plaintiff gave a presentation that included her opinion about another employee being unqualified for his position. Team members within plaintiff's department complained that plaintiff's presentation was inappropriate, and defendant investigated the complaints after placing plaintiff on paid administrative leave. After interviewing plaintiff and other team members, defendant concluded that plaintiff had violated the employment agreement by engaging in threatening or intimidating behavior, disobeying instructions, and failing to

-1-

participate honestly in the investigation. Defendant terminated plaintiff's employment after stating that it had cause to do so.

Plaintiff pursued arbitration, alleging that defendant did not have cause to terminate her employment; defendant breached the employment agreement by not paying her severance; and defendant violated the WFBA, the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*, and her constitutional right to due-process. Defendant initially moved for summary disposition of plaintiff's WFBA claim because the Department of Labor had exclusive jurisdiction over that claim. The arbitrator agreed with defendant and dismissed plaintiff's WFBA claim for lack of jurisdiction.

The arbitration proceedings continued on plaintiff's remaining claims. The arbitrator ultimately found that defendant did not have cause to terminate plaintiff's employment, and defendant had breached the agreement by failing to pay severance to plaintiff.

On plaintiff's ELCRA claim, the arbitrator found that plaintiff "failed to establish a prima facie case [for sex discrimination] because she ha[d] not shown that similarly situated male employees were treated differently." Relevant to this appeal, plaintiff had presented six employees that she alleged were similarly situated to her. The arbitrator found that three of those employees shared the same supervisor as plaintiff, but those employees had not engaged in similar conduct without differentiating or mitigating circumstances. The arbitrator did not consider the other three employees because they did not share the same supervisor as plaintiff. Of those latter employees, one employee engaged in conduct that resulted in termination with a severance payment before the conclusion of the investigation because defendant was concerned about the safety of the individuals involved; one employee engaged in extensive sexual harassment that was deemed not a violation of company policy after he cooperated honestly with the investigation; and the third employee was a "higher-level supervisor" who allegedly engaged in an isolated incident of sexual harassment that did not recur after his investigation.

The arbitrator also concluded that even if plaintiff had presented a prima facie case for discrimination, defendant presented a legitimate, nondiscriminatory, reason for terminating her employment—i.e., her presentation was inappropriate and she was dishonest in her investigation. Specifically, the arbitrator stated:

> I find that [plaintiff] has failed to prove that [defendant's] stated reasons for its decision to terminate [her] were not [defendant's] honest belief in those reasons. As a result, [plaintiff] failed to establish pretext and failed to bear her burden of proof on her sex discrimination claim.

Plaintiff then filed a complaint in the trial court, seeking to affirm the arbitration award with respect to severance pay, vacate or modify the arbitrator's grant of summary disposition concerning her WFBA claim, and vacate or modify the arbitrator's decision concerning her ELCRA claim. Defendant filed a cross-claim concerning the amount of the arbitrator's award.

After conducting a hearing, the trial court held that the arbitrator correctly determined that the Department of Labor had exclusive jurisdiction over the WFBA claim, and, even though the arbitrator made some legal errors in its analyses of the ELCRA claim, it was not apparent that the

arbitrator would have reached a different result by relying on correct law. The trial court rejected the other arguments and affirmed the arbitrator's decision.

Plaintiff now appeals.

## II. ANALYSIS

This appeal involves a trial court's affirmance of an arbitration award. With respect to the trial court, this Court reviews questions of law—including subject-matter jurisdiction, statutory interpretation, and arbitrability—under a de novo standard. *TSP Servs, Inc v National-Standard, LLC*, 329 Mich App 615, 619-620; 944 NW2d 148 (2019); *Registered Nurses, Registered Pharmacists Union v Hurley Med Ctr*, 328 Mich App 528, 535-536; 938 NW2d 800 (2019); *In re Estate of Vansach*, 324 Mich App 371, 384-385; 922 NW2d 136 (2018).

The Uniform Arbitration Act, MCL 691.1681 *et seq*, applies here. Under the act, the threshold question of whether a claim is properly subject to arbitration is generally one for the court. MCL 691.1686(2); but see MCL 691.1684(1) (permitting the parties to vary the act's requirements as permitted by law); *Rent-A-Center, West, Inc v Jackson*, 561 US 63, 69 n 1; 130 S Ct 2772; 177 L Ed 2d 403 (2010) (recognizing that the question of arbitrability can be delegated to the arbitrator if clearly stated in the parties' agreement).

With respect to the arbitration award itself, however, this Court's review is much more circumscribed. An arbitrator's factual findings are not subject to review by this Court. *TSP Servs*, 329 Mich App at 620. On legal questions addressed by the arbitrator, this Court's review is not, strictly speaking, de novo, contrary to our review of a decision by a trial court or administrative agency. Instead, this Court looks to "whether the [arbitrator's] award rests upon an error of law of such materiality that it can be said the arbitrators exceeded their powers." *DAIIE v Gavin*, 416 Mich 407, 433; 331 NW2d 418 (1982) (cleaned up). This Court will not set aside an arbitration award unless the arbitrator committed legal error, "*and* that, but for such error, a *substantially different award* must have been made." *Id*. (cleaned up, emphasis added).

### A. WFBA

Plaintiff begins by asserting that both the trial court and the arbitrator erred by concluding that the Department of Labor has exclusive subject-matter jurisdiction over statutory claims arising under the WFBA. " 'Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it.' " *Southfield v Shefa, LLC*, 340 Mich App 391, 406; 986 NW2d 607 (2022) (quoting *In re Warshefski*, 331 Mich App 83, 88; 951 NW2d 90 (2020)). Subject-matter jurisdiction depends on the nature of the claim rather than on how the claim is phrased or presented. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 774 n 8; 664 NW2d 185 (2003).

Generally speaking, parties may not consent to confer subject-matter jurisdiction on a court, and by extension, they cannot confer jurisdiction on an arbitrator. *McFerren v B & B Investment Group*, 233 Mich App 505, 513; 592 NW2d 782 (1999). Where a statutory violation is within the exclusive jurisdiction of an administrative agency, arbitration procedures are inadequate for the resolution of the statutory rights. *Bay City Sch Dist v Bay City Ed Ass'n, Inc*,

425 Mich 426, 436-437; 390 NW2d 159 (1986). Thus, the question here is whether a statutory claim made under the WFBA is within the exclusive jurisdiction of the Department of Labor (with subsequent judicial review, if sought). In answering this question, this Court is not bound by the presence or absence of any so-called magic words, but instead looks to the substance and context of the statutory language. *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003).

The WFBA provides that an "employee who believes that his or her employer has violated [the] act may file a written complaint with the department." MCL 408.481(1). If the employee disagrees with the agency's disposition of the WFBA claim, then the employee can seek review of that disposition in circuit court. MCL 408.481(9). This Court previously held in *Cockels v Int'l Business Expositions, Inc*, 159 Mich App 30, 35; 406 NW2d 465 (1987), that the administrative-complaint procedure is the exclusive remedy for statutory claims brought under the WFBA. Although we are not bound by *Cockels* itself, MCR 7.215(J)(1), this holding has been recognized and adopted in subsequent decisions to which we are bound, *Cork v Applebee's of Mich, Inc*, 239 Mich App 311, 317-319; 608 NW2d 62 (2000); *Murphy v Sears, Roebuck & Co*, 190 Mich App 384, 387; 476 NW2d 639 (1991).

Although the use of the term "may" signals discretion, rather than a mandate, read in context, this does not undermine the conclusion that the statutory procedure is the exclusive remedy. An employee who has a dispute with an employer over wages or fringe benefits is not limited to seeking redress under only the WFBA. Similar common-law claims remain open to that employee, as this Court recognized in *Murphy*, 190 Mich App at 388. But, if the employee chooses to seek redress under the WFBA, then the employee must follow the process outlined in that act for seeking such redress. As this Court made clear in *Murphy*, 190 Mich App at 387, "[W]here a new right or a new duty imposed by statute [here, the WFBA], as was the case in *Cockels*, the remedy provided for enforcement of that right by the statute for its violation of nonperformance is exclusive."

Our Legislature has also made clear that the remedies in the WFBA are to be enforced by the Department of Labor. Under MCL 408.488(1), "[t]he department shall order an employer who violates" various provisions of the WFBA to pay certain wages, benefits, and penalties. In its discretion the Department can order additional remedies, including hearing costs and attorney fees. MCL 408.488(2)-(4). The Department can initiate a court action to enforce its orders on a recalcitrant employer. MCL 408.489.

Given this statutory framework, an employee who chooses to bring a statutory claim against an employer under the WFBA must exhaust available administrative remedies before seeking judicial review. This Court has long held that if the employee attempts to by-pass the Department of Labor and go directly to court, then the employee's statutory claim will be dismissed for lack of subject-matter jurisdiction. *Cork*, 239 Mich App at 319. Only when the employee has exhausted the available administrative remedies with the Department of Labor can that employee then seek judicial review of a WFBA claim. *Id*. at 318.

This reasoning applies equally to the arbitration context. With the WFBA, our Legislature created a statutory process for an employee to pursue certain statutory rights against an employer. Our Legislature did not include an unfettered private right of action for an employee to pursue

WFBA-created rights directly in court or arbitration; rather, it prescribed a discrete and particularized administrative avenue for redress of rights under the WFBA—initially, the Department of Labor, and then, circuit court. It is for our Legislature, not this Court, to create alternative avenues for redress of a statutory right, if our sister branch of government sees fit to do so. *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 717; 965 NW2d 690 (2020); see also 4 Am Jur 2d. Alternative Dispute Resolution: Arbitration of Statutory Claims, § 31 (explaining that a legislature's intent governs whether a statutory claim is arbitrable).

Finally, plaintiff points to a department rule that provides, in relevant part, that a complaint that raises the issue of "wages or fringe benefits earned by an employee who has given contractual assent…to arbitration by the American arbitration association (aaa) for those issue or issues" shall be dismissed. Mich Admin Code, R 408.9036(n). Plaintiff failed to raise this matter with the trial court, and therefore it is waived. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Because this issue is a question of law, however, we exercise our discretion to consider it. See *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006).

Concerning the merits of plaintiff's argument, even if the rule is meant to be read as the Department of Labor's view that an arbitrator would have jurisdiction over a WFBA claim, we reject that reading of the act. Although we give "respectful consideration" to an agency's legal analysis—which is, frankly, no different than the consideration that a court would owe to the legal analysis offered by any party, lower court, or tribunal—we do not defer to that legal analysis. *West Mich Annual Conference of the United Methodist Church v Grand Rapids*, 336 Mich App 132, 141-142; 969 NW2d 813 (2021); see also *id*. at 157-160 (SWARTZLE, PJ, concurring) (discussing our courts' jurisprudence on the role of agency interpretation when construing a statute).

The Department of Labor has exclusive jurisdiction over claims brought under the WFBA. Arbitration procedures are inadequate when an administrative agency has exclusive jurisdiction, and, therefore, neither the trial court nor the arbitrator erred in concluding that the arbitrator did not have jurisdiction to decide plaintiff's statutory claim under the WFBA.

## B. ELCRA

Moving to her ELCRA claim, plaintiff next argues that the trial court erred by finding that there would not have been a substantially different outcome had the arbitrator relied on a proper understanding of that act. The ELCRA prohibits, among other things, discrimination based on sex, meaning certain conduct would not have occurred but for the sex of the plaintiff. *Diamond v Witherspoon*, 265 Mich App 673, 683; 696 NW2d 770 (2005). In the absence of direct evidence of discrimination, a plaintiff may establish an inference of unlawful discrimination by showing that the employer treated the plaintiff differently than other "employees who were similar to the plaintiff in all relevant respects" other than a protected characteristic. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 608; 886 NW2d 135 (2016).

A claim of discrimination based on indirect evidence is analyzed under the now-familiar (though not always clear in practice) burden-shifting framework. Initially, to establish that the employment termination was a pretext for discrimination, the "[p]laintiff bears the burden of showing that the other employees were similarly situated," and the "employer does not, in the first

instance, need to offer proof of dissimilarity." *Lytle v Malady (On Rehearing)*, 458 Mich 153, 178 n 28; 579 NW2d 906 (1998).

"Once a plaintiff has presented a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 134; 666 NW2d 186 (2003). The employer's burden "is one of production, not persuasion," and its evidence need not be persuasive, but the employer must offer admissible evidence that would be legally sufficient to support its legitimate, nondiscriminatory reason. *Reeves v Sanderson Plumbing Products, Inc*, 530 US 133, 142; 120 S Ct 2097; 147 L Ed 2d 105 (2000); see also *Lytle*, 458 Mich at 173-174.

"If a defendant produces such evidence, the presumption is rebutted, and the burden shifts back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination." *Sniecinski*, 469 Mich at 134. The trier of fact must consider all of plaintiff's relevant evidence, and the plaintiff may seek to show that the employer's proffered explanation is unbelievable, but the plaintiff no longer enjoys a presumption of discrimination. *Reeves*, 530 US at 143. "Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id*. (cleaned up).

To meet her initial burden, plaintiff presented six employees who she claimed were similarly situated to her. On appeal, she challenges the arbitrator's exclusion of three of these employees. In excluding the three employees, the arbitrator relied on a decision by the U.S. Court of Appeals for the Sixth Circuit, *Mitchell v Toledo Hosp*, 964 F2d 577, 583 (CA 6, 1992) (reviewing similar federal law), for the proposition that "similarly situated" means "individuals . . . [who] have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Applying *Mitchell*, the arbitrator observed that these three employees had a different supervisor than plaintiff, and, on this basis, the arbitrator excluded them from consideration.

This was, by itself, error. As the Sixth Circuit later explained, "the *Mitchell* factors do not require a plaintiff to demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered similarly situated." *Jackson v VHS Detroit Receiving Hosp, Inc*, 814 F3d 769, 777 (CA 6, 2016) (cleaned up). Instead, "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in all of the *relevant* aspects." *Id*. (cleaned up). This is the standard that our Supreme Court has recognized in the ELCRA context. See *Hecht*, 499 Mich at 608. Under this standard, whether a plaintiff did or did not share a supervisor with another employee is not, by itself, dispositive on whether that employee was similarly situated to the plaintiff.

With that said, the arbitrator's legal error was not "of such materiality" to call into question the arbitration award. *DAIIE*, 416 Mich at 433. It appears from the record that these three employees engaged in conduct materially dissimilar to plaintiff's conduct. Specifically, two of the employees who were not considered (1) engaged in sexual harassment and (2) cooperated honestly with the investigation into their misconduct. This is in contrast to plaintiff, who did not engage in sexual harassment (to her credit), but purportedly did not cooperate honestly with the investigation

(to her discredit). The third employee's employment was terminated, similar to plaintiff, but the termination was before completion of the investigation because of safety concerns, dissimilar to plaintiff. To compare these three employees with plaintiff would be like comparing metaphorical apples with a metaphorical orange—simply put, they were not similarly situated.

For her final argument, plaintiff asserts that the arbitrator erred in several respects with respect to the "honest-belief" rule. This rule is a judicially created doctrine that has been adopted by the Sixth Circuit and other federal courts in cases involving federal law. See, e.g., *Seeger v Cincinnati Bell Tel Co, LLC*, 681 F3d 274, 285 (CA 6, 2012). Under the "honest-belief" rule, "the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Id*. "As long as the employer held an honest belief in its proffered reasons, the employee cannot establish pretext even if the employer's reasons is ultimately found to be mistaken, foolish, trivial, or baseless." *Id*. (cleaned up). "The falsity of a defendant's reason for terminating a plaintiff cannot establish pretext as a matter of law under the honest belief rule." *Id*. (cleaned up).

Michigan has not expressly adopted the "honest-belief" rule as formulated and expounded by federal courts, and federal precedent applying federal law is not binding on Michigan courts. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004). Michigan courts have, however, made reference to the "honest-belief" rule when raised by parties, and this Court has observed that "an honest belief, even if ultimately found to be objectively incorrect or improvident, precludes a finding of pretext or bad faith." *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 477; 957 NW2d 377 (2020) (cleaned up).

Plaintiff first argues that, when applying the "honest-belief" rule, the arbitrator erred by shifting the burden to her to disprove defendant's belief. The arbitrator did not err, however, because defendant offered evidence in support of a legitimate, nondiscriminatory reason for termination—i.e., the inappropriate presentation and less-than-forthright cooperation during the ensuing investigation. Under our burden-shifting jurisprudence, the burden then properly shifted back to plaintiff to rebut this evidence. The record makes clear that the arbitrator considered all of the evidence and arguments, including plaintiff's rebuttal material.

Staying with the "honest-belief" rule, plaintiff also argues that the arbitrator could not consider any purported "honest beliefs" of decisionmakers who were also witnesses to the alleged discrimination. In support, plaintiff cites a decision from a federal district court in the Middle District of Alabama, *Strickland v Prime Care of Dothan*, 108 F Supp 2d 1329, 1334 (MD Ala, 2000). As previously noted, however, lower federal court decisions are not binding on this Court. *Abela*, 469 Mich at 607. Even assuming for the sake of argument that there is a question of fact whether those who were involved in the termination of plaintiff (and were also eye witnesses to plaintiff's purported wrongful conduct) had the "honest belief" that her termination was lawful, plaintiff has not shown that the arbitrator's award would have been substantially different. As already noted, plaintiff's prima facie evidence of discrimination was not particularly strong. Correcting any error of law by the arbitrator would not substantially change the outcome on plaintiff's ELCRA claim, and the trial court did not err when it found the same.

III. CONCLUSION

The WFBA provides the exclusive remedy for statutory claims brought under the act. This remedy confers exclusive jurisdiction to the Department of Labor (with subsequent judicial review, if sought). Given this, an arbitrator does not have jurisdiction over statutory WFBA claims. In this respect, as well as all other respects explained here, the trial court did not error in rejecting plaintiff's challenge to the arbitration award.

Affirmed.

/s/ Brock A. Swartzle
/s/ Michael F. Gadola
/s/ Michael J. Kelly